Young *vs.* Remer and wife and Monroe.

A judgment rendered in a justice's court acquires no additional validity by being transcribed and docketed in the office of the county clerk; except that it then becomes a lien upon the real estate of the defendant. Nothing is added to its period of existence as a judgment.

The lien of such a judgment contines only six years; unless the judgment is revived by scire facias; and ceases with the right of the plaintiff to maintain a suit upon it.

In Equity. The defendant Monroe obtained a judgment against his co-defendant Remer, before a justice of the peace of the county of Yates, on the 12th of October, 1837, by confession, for $161,47, and on the same day filed a transcript in the office of the clerk of the county of Yates. On the 29th of February, 1844, more than six years after the judgment was rendered, he procured an execution to be issued upon his judgment, by the clerk of the county of Yates, and delivered to the sheriff of that county, who levied upon lands in which the plaintiff's assignor had, on the 26th of June, 1840, acquired a mortgage interest. The plaintiff, to enforce his lien upon the premises, filed his bill, upon which the defendant Monroe was enjoined from further proceedings upon his execution. Subsequently the vice chancellor of the 7th circuit made a decree for the sale of the premises, and the payment of the plaintiff's claim, postponing the lien of the defendant's judgment, to that

of the plaintiff's of a subsequent date.   From this decree the
defendant Monroe appealed.

*A. Dana,* for the appellant.

*S. H. Wells,* for the respondent.

*By the Court,* H. GRAY, J.   The revised statutes make pro-
vision for filing transcripts of justices' judgments in the office
of the clerk of the county in which they are rendered, and for
docketing the judgment by the clerk; which, when done, is
" a lien on the real estate of the defendant within the county,
in the same manner and with the like effect as if such judg-
ment had been rendered in the court of common pleas." It is
then provided that such judgments may be revived by scire
facias in the court of common pleas of the county " in the same
manner, in the like cases, and with the like effect, as if such
judgment had been obtained in that court."   (2 *R. S.* 2d ed.
177, §§ 128, 129.)   This statute does not specify the time during
which the judgment thus docketed shall continue to be a lien.
The substance of the provision is that the lien shall exist in
the same manner, and that while it exists it shall have the
like effect, as if such judgment had been rendered in the court
of common pleas.   We are therefore to look to some other part
of the statute to ascertain the duration of the lien of a judgment
rendered in a justice's court.   The statute making judgments
a lien ten years from and after the time of docketing them, is
limited to judgments rendered in courts of record.   (2 *R. S.*
2d ed. 282, § 3.)   And a scire facias to revive a judgment of a
court of record must be brought within the time in which the
judgment is a lien.   (*Id.* 478, § 3.)   The provision made for a
scire facias upon a justice's judgment docketed in the office of a
county clerk provides that it shall be done in the same manner
" and with the like effect" as if such judgment had been ob-
tained in the common pleas.   This language is identical with
that providing for the lien of a justice's judgment; and in rela-
tion to the *scire facias,* it has been held that the statute giving

ten years, within which to bring it, does not apply to justices' judgments, but to the judgments of courts of record only. (*Johnson* v. *Burrell,* 2 *Hill,* 238.) These judgments, say the court, are left to subdivision two of section eighteen, 2 *R. S.* 224, by which "actions upon judgments rendered in any court not being a court of record," are limited to six years. The construction given to the statute in the case cited establishes very clearly that the legislature did not intend to put judgments rendered in courts of record, and those rendered by a justice of the peace where a transcript is filed and judgment docketed, upon the same footing, as to the time they should remain a lien. The justice's judgment in favor of Monroe acquired no additional strength by being transcribed and docketed in the office of the clerk, except that it then became a lien upon the real estate of Remer. Nothing was added to its period of existence as a judgment. Its lien ceased with the right of the plaintiff to maintain a suit upon it. The decree of the vice chancellor must be affirmed, with costs.

---

SAME TERM. *Before the same Justices.*