WHITE *v.* CLARK *et al.*

An execution can only be issued upon a judgment obtained before a justice of the peace, within five years after the entry of the judgment. In contemplation of the statute, there is no judgment after that time.

Section two hundred and fourteen of the Practice Act applies only to judgments of Courts of record.

The loss of the docket of the justice will not prevent the statute from running.

APPEAL from the District Court of the Seventh Judicial District, County of Marin.

In February, 1852, McKeever and Nickerson obtained judgment before a justice of the peace against White and Revere; and on the third day of April, 1857, the defendant, Clark, acting as a justice of the peace, and as the successor of the justice before whom the judgment was had, issued an execution upon the judgment, which was levied by the defendant Vischer, as sheriff, upon the property of plaintiff, one of the defendants in the execution. The plaintiff then brought this suit against the defendants, as trespassers, praying for damages to the amount of the value of the property levied on. The Court below ordered a judgment for the defendants, and the plaintiff appealed.

*W. Skidmore* for Appellant.

*T. H. Hanson* for Respondents.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

It is insisted by the plaintiff that there was no judgment in force when the execution was issued, and that the writ was, therefore, void.

The six hundredth section of the Practice Act provides that " execution for the enforcement of a judgment in a Justice's Court, may be issued on the application of the party entitled thereto, at any time within five years from the entry of judgment."

By the two hundred and fourteenth section, it is provided that " after the lapse of five years from the entry of judgment, an execution shall be issued only by leave of the Court, on motion." But this section refers only to executions issued by the clerk of a Court of record having a seal, and not to executions issued by justices of the peace. In reference to judgments in Justice's Courts, there is no provision allowing an execution to be issued after the lapse of five years. Unless the execution be issued within that period, it is void. In contemplation of the statute, there is no judgment after that time, and a justice has no more right to issue an execution upon such expired judgment than he would have upon a judgment entered *satisfied* upon the docket.

But in this case, it was found by the Court that the docket of the justice was lost, or mislaid, for some three years, and it is also found that the docket was not discovered and delivered to the defendant, Clark, until the twentieth of April, 1857, some time after the issuing of the execution, and the commencement of this suit.

The loss of the docket would not prevent the running of the time limited by the six hundredth section. Were we to determine otherwise, we could not fix any definite limit. The docket might be lost for many years, and then found. If the creditor wishes to keep alive his judgment in such a case, he should take

the necessary steps. By permitting his judgment to expire, he loses his right to issue execution.

But it is insisted by the counsel of defendants, that time does not run against the creditor while the issue of execution is restrained by injunction. This question, however, cannot be raised in this case. It is true that the fact that the judgment-creditors were restrained by injunction, is affirmatively stated in the answer of defendants in this suit, but the finding of the Court contains no reference to such a fact; and there having been no motion for a new trial, we cannot go behind the facts as found by the Court. If such a fact existed, it should have been proven in the Court below.

The execution recited the date of the judgment; and from the facts stated upon the face of the execution, it was issued without authority, and the sheriff was not justified in enforcing it.

The judgment of the Court below is reversed, the cause remanded, and that Court will render a judgment for the plaintiff, as prayed for in his complaint.