## JOHN KERNS *v*. G. E. GRAVES and E. D. SLOAT.

Execution on Justice's Judgment.—The filing and docketing of a transcript of a judgment rendered by a Justice of the Peace in the office of the Clerk of the county, does not empower the Clerk of the Court in which it is filed and docketed to issue an execution on the same after five years have elapsed from the date of its rendition.

Appeal from the County Court of the City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Porter & Holladay*, for Appellant.

*James A. Johnson*, for Respondents.

By the Court, Rhodes, J.

The appellant obtained judgment against the respondents in a Justice's Court in San Francisco, on the 26th of October, 1857, and on the 29th of January, 1859, a transcript of the judgment was filed and docketed in the Clerk's office of that county. On the 23d of December, 1863, an execution was issued by the Clerk to the Sheriff of Sierra County, and this execution was quashed by order of the County Court of San Francisco. The appeal is taken from that order.

The only question presented by the appellant is, whether the Clerk has power to issue an execution upon a judgment of a Justice of the Peace, after the expiration of five years from the rendition of the judgment.

To maintain that the Clerk possesses that power, the appellant relies mainly upon section five hundred and ninety-nine of the Practice Act; and particularly upon that portion of the section which, after providing that the County Clerk shall note the time of the receipt by him of the transcript, is in these words : " And from that time execution may be issued by the County Clerk, on such judgments, to the Sheriff of any other county of the State, in the same manner as upon judgments

recovered in the higher Courts." Neither the clause cited nor any portion of the section prescribes the *time* within which the execution may be issued, but the object of the section is to define the manner of making the judgment a lien upon the real estate of the debtor, and to prescribe by whom executions in satisfaction of the judgment shall be issued. Before the filing and docketing of the transcript the Justice alone could issue executions, but after it was filed and docketed the Clerk must issue the execution that is to be executed in another county.

Section six hundred of the Practice Act provides that an execution may be issued upon a judgment rendered by a Justice of the Peace, within five years from the time of its entry, and this provision amounts to a limitation, and negatives, by implication, the right to issue the execution after that period. The limitation applies alike to all executions authorized by the Act to be issued upon those judgments. The appellant admits that the *Justice* cannot issue execution upon his judgment, after the expiration of five years from its entry. If that is true, and we think there can be no question on that point, then it follows that the same limitation applies to the Clerk, for the section is general and is as applicable to him as to the Justice.

It is said by Mr. Justice Burnett, in *White* v. *Clark*, 8 Cal. 512, " unless the execution be issued within that period (five years) it is void. In contemplation of the statute, there is no · judgment after that time," etc. The docketing of the judgment neither gives it new vitality, nor prolongs its existence. It simply enables an execution to be issued to another county. (*Young* v. *Remer*, 4 Barb. 442.)

Judgment affirmed.