IN THE MATTER OF W. C. ACHI, Attorney at Law.

COMPLAINT FOR MISCONDUCT.

HEARING, JANUARY 31, 1891.    DECISION, FEBRUARY 6, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The facts, upon which the alleged misconduct of an attorney is based, not
    having been an issue in a case passed upon by the Court, and not oc-
    curring in the presence of the Court, the attorney is entitled to have
    specific charges preferred against him, and an opportunity for meet-
    ing them.

OPINION OF THE COURT, BY JUDD, C.J.

During the trial of a cause in this Court at the January
Term, 1891, a witness gave some evidence alleging misconduct
on the part of W. C. Achi, Esq., an attorney of this Court.    He
was notified orally by the Presiding Justice to appear on the
last day of the Term and answer the charges made by the wit-
ness, as shown by the minutes of the evidence taken.    Mr.
Achi appeared, and his counsel moved the Court for a more
specific charge.

We are of opinion that this motion should be granted.
The statute under which the Court is empowered to admit per-
sons to practice prescribes, also, that "practitioners shall be
summarily amenable to the Courts of record, and may be fined,
imprisoned or dismissed from the roll of practitioners for satis-
factory cause, upon complaint of parties aggrieved by their mal-
practice, or for non-payment of moneys collected by them for

private parties, or for any deceit or other gross misconduct." Comp. Laws, p. 312.

In the case before us the alleged misconduct was not committed in open Court, nor is there before us any formal complaint by a party aggrieved thereby.

It is not essential to the administration of the disciplinary power of the Court over its licensed practitioners that a formal complaint be made in every case by a party aggrieved. The matter may come to the notice of the Court in the progress of a trial. Ordinarily, the Court would call the attention of the Attorney-General to the matter, and request that charges be preferred, which being done, a rule to show cause would issue. But where the Court has heard a case based upon misconduct of an attorney, and has passed upon the facts, an order to show cause, based upon the decree, could issue without the intervention of the Attorney-General. *In the Matter of Geo. W. Wool*, 36 Mich., 300.

The attorney is entitled to have the proofs sustaining the alleged misconduct presented, and be afforded an opportunity of meeting them. The principles laid down in *The Matter of Eldridge*, 82 N. Y., 161, *Matter of H. Boluss*, 28 Mich., 507, and *Matter of Mills*, 1 Mich., 393, are ample authority for this practice, and it accords with the precedents in this Court.

The facts, upon which the alleged misconduct is based, not having been an issue in a case passed upon by the Court, and not occurring in the presence of the Court, the Court requests the Attorney-General to prefer specific charges against the attorney, upon which a rule to show cause may issue.

*L. A. Thurston*, for the motion.