STATE ex rel. SHING, Relator, v. LENAHAN, JUS-
TICE OF THE PEACE, Respondent.

[Submitted February 14, 1896. Decided February 17, 1896.]

CERTIORARI—*Remedy by appeal.*—Where it appears by the return to a writ of *certiorari*
issued by this court to a justice of the peace, that the relator had applied to the dis-
trict court for a similar writ and that the case had been heard and a judgment en-
tered quashing the writ, the writ issued from this court will be dismissed, since the
relator's proper remedy is by appeal from the judgment of the district court. (*State
ex rel. Johnson* v. *Case*, 14 Mont. 520, cited.)

ORIGINAL proceeding.    Application for writ of *certiorari*
to review a judgment of a justice court.    Dismissed.

*Hammond & Moore*, for Relator.

*R. A. O' Hara*, for Respondent.

PER CURIAM.—On the 22d day of January the relator filed
in this court his petition for a writ of *certiorari* against J. M.
Lenahan, justice of the peace within and for the county of
Ravalli, alleging that, in a case pending before said justice of
the peace, wherein the state of Montana was plaintiff, and the
relator was defendant, the relator filed with the said justice
his affidavit for a change of venue from the said justice of the
peace, on the ground that he could not have a fair and impar-
tial trial before the said justice, for the reason that the said
justice was biased and prejudiced against the relator; that said
justice refused to grant the change of venue.    His petition
further states that, upon the refusal of the said justice to change
the venue of the said cause, the relator applied to the Honora-
ble F. H. Woody, judge of the Fourth judicial district court
of the state of Montana, for a writ of review against said jus-
tice, alleging the facts as hereinbefore set forth as grounds for
the issuance of said writ, but that the said judge of the said
district court refused to issue said writ or entertain jurisdic-
tion thereof.

From the return of the said J. M. Lenahan, justice of the
peace and respondent, to the writ issued out of this court, re-

quiring the said Lenahan to make return of his proceedings in the case of the state against the relator above referred to, it appears that the judge of the Fourth judicial district court did entertain jur'sdiction of said petition for the writ of review, and did hear counsel on both sides argue the case, and, after such argument by counsel, did enter judgment that the said relator was not entitled to said writ.

This judgment of the district court, quashing the writ of review, was an appealable judgment. (See *State ex rel. Johnson* v. *Case,* 14 Mont. 520; *Santa Cruz Gap Turnpike Joint-Stock Co.* v. *Board of Supervisors,* 62 Cal. 40; also, § 1941, Code of Civil Procedure, 1895.)

The relator's remedy was by appeal from this judgment of the district court, and the writ must therefore be dismissed. It is so ordered.

*Writ dismissed.*