(April 3, 1896.)

## STATE v. GOODE.

[44 Pac. 640.]

DISBARMENT—RIGHTS OF ATTORNEYS.—In an application for the disbarment of an attorney, it is not proper for the court ordinarily to deprive the accused of his rights as an attorney, pending the investigation and trial of the cause.

WRIT OF REVIEW—CHANGE OF VENUE.—A writ of review cannot be granted to review the action of the court in denying an application for change of venue inasmuch as it is not a final order, and there is a plain, speedy and adequate remedy by appeal.

(Syllabus by the court.)

PROCEEDING by writ of review.

Willis Sweet, for Petitioner.

No brief filed.

Application by the state of Idaho, on the relation of Clay McNamee, district attorney, for the disbarment of George W. Goode. Defendant applies for a writ of review and a writ of mandate. Writ of review denied, and writ of mandate granted.

This is an application for disbarment of the defendant, and the deprivation of his rights and privileges as an attorney and counselor at law. It seems that in the trial of a criminal case

which was taking place in the district court of the second judi-
cial district, a witness made a statement upon the stand that the
defendant, George W. Goode, had threatened him with the peni-
tentiary if he appeared as a witness and testified. in the case
then on trial.   This fact coming to the knowledge of the court,
as it did in open court, and other matters being presented to
the judge of the court in the nature of an accusation against the
defendant, the court thought proper to appoint a committee of
investigation to inquire into these charges against the attorney,
and ascertain if the evidence was sufficient to warrant the filing
of the information against the defendant under section 4005 of
the Revised Statutes, providing for the disbarment of attorneys.
Thereafter this committee, having investigated the facts con-
nected with the accusation, made a report to the court recom-
mending the commencement of proceedings under this statute
for disbarment.   Thereupon an information in writing was filed
by the district attorney for the second judicial district, under
section 4005, which information was verified by the oath of
the said district attorney.   Upon receiving the accusation the
court directed that the cause be placed upon the calendar, issued
a notice to the accused to appear and defend the accusation,
and appointed a committee to make an investigation, and re-
port the facts to the court.   Thereupon the defendant made an
application to the court for a change of venue, upon the ground
of prejudice of the judge who was then sitting in the hearing
of the cause.   Affidavits were presented by the defendant and
some other parties in support of said application, showing facts
which would seem clearly to indicate that the judge of said
court was influenced so much by his prejudices against the de-
fendant that he could not try this case with the impartiality
that ought to be exercised in the case of all trials before the
court.   The application was denied.   Thereupon the defendant
makes an application to this court for writ of review and for
writ of mandate to compel the judge of the district court to al-
low the defendant a change of venue, and also to direct the
judge of said court to set aside his order suspending the defend-
ant from his rights and privileges as an attorney during the
pendency of this investigation; an order having been entered

at the time of the filing of the information against the accused, by the judge of the district court, depriving the defendant of his right to bring or defend any causes in said court except those then on the calendar, in which he appeared as attorney.

MORGAN, C. J. (After Stating the Facts.)—Objection has been made to the appointment of this preliminary committee for the reason that it is a proceeding not authorized by the statute. While this proceeding is not authorized by the statute, it would seem to be of no particular consequence in the proceeding now pending, and it would seem also that the committee was appointed simply for the purpose of ascertaining whether the facts were sufficient to authorize the district attorney or some other person to file an information and institute these proceedings. This committee did investigate the facts *ex parte* to some extent, and reported in favor of filing this information, upon which the information was filed as above stated. Objection is also made to the verification, that is attached to the accusation. We think the verification is sufficient. There are, it is true, attached to the verification unnecessary words, which might better have been omitted, but these words may be considered as surplusage, as the verification seems to be sufficient without them. In regard to the application for change of venue, we think it should have been allowed as it appears from the affidavits that have been presented to this court; but the matter cannot be reached on an application for writ of review. Section 4962 of this statute provides for a writ of review when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of said tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, or adequate remedy. Subdivision 5 of section 4002 of the statute authorizes the supreme court to review on appeal the judgment or order of the court below in case of a removal or suspension of an attorney; and, as this order denying the change of venue is not a final order, and is not appealable as a final order, we think that the application for writ of review is premature, inasmuch as an appeal is allowed to this court from all the proceedings of the court below in this cause, which seems to furnish a plain, speedy, and adequate remedy

for the defendant for any errors committed by the district court. The application for writ of review must be denied. The defendant also asks for a writ of mandate to compel the court below to restore him to all his rights and privileges in the said court during the pendency of this proceeding. The order of suspension of the defendant before a trial is had is, in our opinion, not proper, as it is in the nature of a penalty inflicted without giving the defendant his day in court, and before his conviction. The writ restoring him to his rights and privileges pending the investigation of these charges, and until the final determination of the cause, will be allowed, and is therefore ordered. This, we think, disposes of all the questions that have been presented to this court in the above cause.

Huston and Sullivan, JJ., concur.