PIERSON, APPELLANT, *v.* DALY, RESPONDENT.

(No. 3,404.)

(Submitted September 17, 1914. Decided October 8, 1914.)

[143 Pac. 957.]

*Justices of the Peace—Judgments—Filing and Docketing Abstract—Effect of Procedure—Life of Lien—Jurisdiction—Nonappealable Orders.*

Justices' Courts—Abstract of Judgment—Quashing Execution—Nonappealable Order.

1. An order quashing an execution issued by a clerk of the district court on an abstract of a justice's judgment, filed with and docketed by him under section 7057, Revised Codes, and striking such abstract from the files, *held* not a special order after final judgment made appealable by section 7098.

Same—Abstract of Judgment—Effect of Filing and Docketing.

2. The act of filing and docketing an abstract of a justice's judgment with the clerk of the district court, under sections 7057–7059, Revised Codes, does not convert such judgment into a final judgment of the district court, or deprive the justice of jurisdiction over it, the procedure provided for therein being merely a means by which the judgment of the latter may be made a lien upon the real estate of the losing party enforceable by execution in any county in the state.

[As to the docketing of judgments of justices of the peace, see note in 40 Am. Dec. 386.]

Same—Life of Judgment Lien.

3. The life of a lien of a justice's judgment after filing and docketing an abstract thereof with the clerk of the district court, as provided by section 7059, Revised Codes, continues for the period of six years from the date of the judgment and not from the date of the filing and docketing.

Same—Judgment—Quashing of Execution—Jurisdiction.

4. Control of its process is vested exclusively in the court upon whose authority it issues; hence the district court, in entertaining and grant-

·ing a motion to quash execution of a justice's judgment issued by a clerk of the district court after an abstract thereof had been filed with and docketed by him, acted without jurisdiction.

[As to power of superior court with respect to justice's judgment where transcript has been filed in that court, see note in Ann. Cas. 1914A, 415.]

*Appeal from District Court, Valley County; Frank N. Utter, Judge.*

ACTION by C. E. Pierson against T. H. Daly. From an order quashing an execution issued by the clerk of the district court on an abstract of a justice's judgment filed with and docketed by him and striking such abstract from the files, plaintiff appeals. Appeal dismissed.

*Messrs. Norris & Hurd,* for Appellant, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

*Mr. C. A. Spaulding* and *Mr. W. F. O'Leary,* for Respondent, submitted a brief; *Mr. Spaulding* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In May, 1912, prior to the 28th, the plaintiff (appellant herein) brought an action before Lee L. Minnick, a justice of the peace at Saco, Valley county, to recover judgment for the sum of $137.93, with interests and costs. Effective service of summons upon the defendant was not secured until August 6, an *alias* summons served on that date being returned and filed on August 9. Thereafter the defendant appeared and filed a plea or objection to the jurisdiction of the justice. On September 25 the objection was overruled and the defendant was given "till October 1, 1912, in which to plead, answer or demur." The defendant did not appear. On October 2 counsel for plaintiff submitted his evidence, and judgment was rendered and entered for the plaintiff for $165.70, with costs taxed at $3.50. On December 7 the plaintiff caused an abstract of the judgment to be filed with the clerk of the district court of Valley county,

and to be properly docketed in the judgment docket of that court. On April 4, 1913, he caused execution to be issued thereon by the clerk and to be levied by the sheriff upon certain personal property belonging to the defendant, to satisfy the judgment; and thereafter the sheriff was proceeding to make a sale for that purpose. On May 1 the defendant moved the district court to recall and quash the execution and to order the abstract stricken from the files, on the ground that the judgment is void, for that the justice of the peace was without jurisdiction to render it. The court, Hon. John W. Tattan presiding, granted a stay of proceedings pending final hearing. Subsequently, at a hearing had before Hon. Frank N. Utter, the motion was granted. Plaintiff has appealed.

Both parties have regarded the order as a special order made [1] after final judgment, and therefore appealable under section 7098 of the Revised Codes. Upon the assumption that this is so depends the power of this court to consider and determine the appeal on the merits; for, while under the provisions of the Constitution on the subject (Art. VIII, secs. 2 and 15), all the decisions of district courts are subject to review by this court by some appropriate procedure, causes may be removed to it by appeal only under the limitations and regulations prescribed by statute. (Rev. Codes, sec. 7096; *Finlen* v. *Heinze,* 27 Mont. 107, 69 Pac. 829, 70 Pac. 517.) Whether or not, therefore, an appeal lies from the order in question, depends upon an answer to the inquiry whether the order falls within the enumeration of appealable orders found in the statute, section 7098, *supra.* This brings us at once to the further inquiry whether the provisions of the Codes authorizing the filing and docketing of an abstract of a judgment of a justice of the peace with the clerk of the district court convert it into a final judgment of the district court, or are intended merely to devise a method by which the judgment of the justice, as such, may be made a lien upon the real estate of the defendant and enforceable by execution in any county of the state.

Section 7056 prescribes the form of the abstract. Section
[2]   7057 provides that it may be filed and docketed with the
clerk, and that he must note upon it the time of its receipt.
Section 7058 declares: "From the time of docketing in the
clerk's office execution may be issued thereon by the clerk to
the sheriff of any county in the state, in the same manner and
with like effect as if issued on a judgment of the district court."
Section 7059 provides that a judgment of a justice's court
creates no lien upon the lands of the defendant unless the ab-
stract is filed and docketed, and that when it has been filed and
docketed, it becomes a lien upon the lands then owned or there-
after acquired by the defendant, until the expiration of six
years.   Under section 7060, "execution for the enforcement of
a judgment of a justice's court may be issued by the justice
who entered the judgment or his successor in office   *   *   *
at any time within six years from the entry of judgment."
Taking these provisions all together, the conclusion seems in-
evitable that it was not the purpose of the legislature in enact-
ing them to convert the judgment of the justice of the peace
into a judgment of the district court, and thus lodge in the
district court the exclusive, or any, jurisdiction to control the
issuance and enforcement of execution thereon.   There is noth-
ing in any of the provisions indicating such a purpose.   On the
contrary, section 7058 merely provides that "execution may be
issued by the clerk   *   *   *   in the same manner and with
like effect as if issued on a judgment of the district court,"
that is, to any county in the state.   Neither this nor the follow-
ing sections purport to add any quality to the judgment other
than to make it a lien upon the lands of the defendant during
[3]   its life.   By the process of filing and docketing, the nature
of it is not changed, nor is its life extended.   Clearly, the pro-
vision in section 7059, for the continuance of the lien, contem-
plates its continuance for the period of six years from the date
of the judgment, and not from the date of the filing and dock-
eting.   This is clear from the express provision of section 7060.
This limitation must be treated as a limitation also of the time

within which the clerk may issue execution; for it is general in its application, making no exception, no matter who is authorized to issue process. Clearly, also, the power of the clerk to issue process is not exclusive, otherwise the authority conferred by section 7060 without limitation would be ineffective. The provisions of sections 7057, 7058 and 7059, therefore, must be construed as providing a means for securing a lien on the lands of the defendant through the judgment of the justice, and as merely authorizing the execution to be issued as an execution issued from the district court. But for these provisions there would be no lien, nor could the execution run to any other county than that in which a judgment is rendered, the limits of jurisdiction of the process of a justice's court being coextensive with those of the county only. (Rev. Codes, sec. 6282.) Hence, though the clerk may issue the execution, he issues it upon the judgment of the justice, as such, and not upon it as a judgment of the district court, made such by transformation of the justice's judgment. The fact that the clerk issues the execution does not devest the justice of his control over it, for the statute does not so provide; and since the control of its process [4] is vested exclusively in the court upon whose authority it issues, the justice has exclusive control of the execution, whether issued by himself or by the clerk, and it is his exclusive province to recall and quash it, if for any reason it ought not to have been issued.

These provisions have been construed in those jurisdictions where similar provisions are in force, as having only the purpose and effect which we have accorded to them. (*Young* v. *Remer,* 4 Barb. 442; *Kerns* v. *Graves,* 26 Cal. 156; *Gates* v. *Lane,* 49 Cal. 266.)

Our conclusion is given support by another consideration. "A motion to quash is not an appropriate or admissible mode of bringing under review the errors or irregularities that may exist in the judgment upon which the execution is issued, unless the judgment is utterly void." (*Town of Hayward* v. *Pimental,* 107 Cal. 386, 40 Pac. 545; *Schultze* v. *State,* 43 Md. 295.) If

the district court by the filing and docketing of the abstract became vested with the power to control the execution, then, by the barest implication, it became vested with the power to review and annul the judgment of the justice by a method not authorized nor contemplated by the Constitution and statutes giving to the district courts appellate jurisdiction over justices' courts. Let it be conceded, therefore, that the judgment is void upon its face. It was incumbent upon the defendant to apply to the justice, by proper motion, to have it set aside, or else, an appeal not being available, to institute the proper special proceeding in the district court for that purpose. He was not entitled to relief by summary application to the appellate court. Hence it must follow that the order is not a special order made after final judgment, within the purview of section 7098, *supra;* nor does it fall within the designation of any of the other orders therein enumerated. It is therefore not appealable, and nothing is left for this court to do but to dismiss the appeal.

The appealable character of the order is not discussed in the brief of counsel, though it was called in question by the court during the course of the argument at the hearing. In view of the fact that the court has no jurisdiction to review the order on appeal, we have, for this reason, deemed it better to decline to review it, rather than, by deciding the questions presented on their merits, to establish a precedent that will prove misleading.

Appeal dismissed.

*Dismissed.*

Mr. JUSTICE SANNER concurs.

Mr. JUSTICE HOLLOWAY, being absent, takes no part in the foregoing decision.