IN THE MATTER OF THE APPLICATION OF EL-
MER R. BEVINS FOR A WRIT OF MANDAMUS
DIRECTED TO THE HONORABLE LESLIE L.
BURR, JUDGE OF THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT OF THE TERRI-
TORY OF HAWAII.

No. 1282.

ORIGINAL.

ARGUED JULY 7, 1920.                    DECIDED JULY 16, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

COURTS—*attorneys—disbarment.*

By the provisions of section 2331 R. L. 1915 circuit courts in
this Territory possess the authority to dismiss attorneys from the
roll of practitioners, at least so far as the roll of the court acting
is concerned.

SAME—*same—same.*

The power to disbar an attorney rests upon very different
grounds from the power to punish for contempt.

SAME—*same—same.*

An attorney holds his office during good behavior and can only
be deprived of it for misconduct ascertained and declared by a
court of competent jurisdiction after opportunity to be heard has
been afforded the accused.

SAME—*same—same.*

Where the judge of the circuit court called the attention of the
attorney general to certain alleged misconduct of the attorney and
requested him to investigate the matter and to prefer charges
against the attorney in the supreme court if in his opinion the
facts warranted the judge of the circuit court was entirely without
jurisdiction to prejudge of the guilt of the accused and to sum-
marily suspend his license without a hearing.

OPINION OF THE COURT BY COKE, C. J.

The petitioner Elmer R. Bevins is an attorney at law
holding a license issued by the supreme court of the Terri-

tory of Hawaii to practice law in all of the courts of the Territory. He is also county attorney of the County of Maui, his residence and office being at Wailuku, County of Maui. On June 18, 1920, while the term of the circuit court of the second judicial circuit was in session, Hon. Leslie L. Burr presiding as judge thereof, the petitioner appeared before the court for the purpose of moving for the arraignment of certain defendants who had theretofore been indicted by the grand jury for various criminal offenses. The judge of the court in response to the motion of petitioner refused to recognize petitioner as an attorney of said court or to permit him to appear before said court either in his private capacity as an attorney or in his public capacity as county attorney of the County of Maui until such time as the attorney general of the Territory might report upon sundry alleged derelictions on the part of the petitioner which the judge had theretofore and in open court recited and which were by him called to the attention of the attorney general with the request to the attorney general to investigate the same and to institute proceedings before the supreme court to disbar or suspend the petitioner as an attorney at law if in his opinion the facts warranted that action. The action of the circuit judge was in effect a suspension of the petitioner's right to practice law for an indefinite period of time. Within a few days thereafter the petitioner appeared in the said circuit court and presented a motion to vacate and set aside the order of suspension theretofore made by the circuit judge. The application was denied by the circuit judge and the petitioner has secured from a justice of this court an alternative writ of mandamus directed to the judge of the circuit court of the second judicial circuit to forthwith vacate his said order of suspension or to appear before the supreme court and show cause why the alternative writ of mandamus should not be made peremptory.

The judge of the circuit court appeared by the attorney general of the Territory and interposed a demurrer to the writ. At the argument the attorney general in open court has stipulated that should this court determine that under the law circuit courts are without authority to suspend or disbar attorneys licensed by the supreme court of the Territory to practice law in the courts of the Territory or if this court should determine that although circuit courts have that authority, under the circumstances of this case the judge of the second circuit court acted without jurisdiction or in excess of his jurisdiction in entering the order of suspension herein complained of by the petitioner, then in either case the writ heretofore issued may be made peremptory.

We are therefore confronted with two clearly defined questions which will be discussed and determined in their order. The first requires a construction of section 2331 R. L. 1915, which reads as follows: "Said practitioners shall be summarily amenable to the courts of record, and may be fined, imprisoned or dismissed from the roll of practitioners, for satisfactory cause, upon the complaint of any party aggrieved by their malpractice, or for non-payment of moneys collected by them for private parties, or for any deceit, or other gross misconduct." Circuit courts are courts of record in this Territory and by the statute above quoted it is beyond cavil that as the law now exists in this Territory circuit courts have the power to dismiss attorneys from the roll of practitioners and that of course includes the power to suspend. In this Territory the supreme court alone may grant a license to practice law such as is held by the petitioner and ordinarily the authority to disbar attorneys is reposed solely in the courts having jurisdiction to admit or license attorneys to practice, but the exception to this general rule is where by statute authority is conferred upon some other than the licensing

tribunal to disbar and in this jurisdiction we have such a statute.

. This is the first occasion so far as we are advised where a circuit court of this Territory has attempted to suspend or disbar an attorney holding a license issued by the supreme court. In fact, we think it has been quite universally assumed that no such power was reposed in the circuit courts. The statute in question is section 1066 of the Civil Code of 1859. When that statute was originally enacted the justices of the supreme court presided over the various circuit courts throughout the islands and at that period under those circumstances it might have appealed to the lawmakers as wise legislation to make attorneys amenable to each justice of the supreme court, although for the time being the justice was presiding over a *nisi prius* court. And it further may be that in the subsequent changes in the judicial system prevailing here section 1066 of the laws of 1859 was inadvertently retained although the reason therefor had ceased to exist. But irrespective of the circumstances which have caused the retention of this unusual statute it must be given force and effect and by its plain provisions every circuit court in the Territory possesses the power and authority to dismiss attorneys from the roll of practitioners, at least so far as the roll of the court acting is concerned.

Having determined that the circuit court possesses authority and jurisdiction to dismiss attorneys from the roll of practitioners it then becomes necessary for us to decide whether the court acted in excess of its jurisdiction in entering the order herein complained of. The record before us discloses that prior to the entry of the order the judge of the circuit court from the bench verbally recited a number of misdeeds extending over a period of four years which he charged to the petitioner. These matters cover some thirty pages and are too voluminous to be here

repeated. It is sufficient to say that they reflect upon the character and reputation of the petitioner as an attorney at law and as county attorney of the County of Maui and have reference to matters occurring mainly outside of the presence of the court. The only action taken by the judge at the time in respect to these charges was to call them to the attention of the attorney general with the request that he examine into the same and to institute proceedings to disbar the petitioner in the supreme court of the Territory if he should find the facts sufficient to warrant that action. It does not appear that the attorney general of the Territory has taken any steps in the matter. Thereafter, when the petitioner appeared before the circuit court for the purpose of having a day set for the arraignment of certain defendants who had been indicted by the grand jury the judge of the circuit court reminded the petitioner of the recommendation which he had theretofore made to the attorney general to investigate petitioner's conduct and notified petitioner that pending the report from the attorney general he would not be permitted to appear in that court either in the capacity of a private attorney or as county attorney of the County of Maui. The order of suspension was made without affording to the petitioner any opportunity to be heard in his own behalf. Weeks on Attorneys at Law (p. 156) points out that the power to disbar an attorney proceeds upon very different grounds from the power to punish for contempt and further lays down the rule that "while there may be cases of such gross and outrageous conduct in open court as to justify very summary proceedings for the removal or the suspension of an attorney from office even then he should be heard before he is condemned." There seems to be some divergence of opinion to be found in the various decisions respecting the quality of the right enjoyed by an attorney by reason of his admission to practice law. Some courts appear to recognize it

as a valuable property right while others merely term it a valuable right.   In *State ex rel* v. *McElhinney,* 241 Mo. 592, the subject is well treated and the leading authorities on the subject cited.   The rule is there laid down that the right of an attorney to practice law is a valuable right which an attorney cannot be deprived of except by the judgment of a court of competent jurisdiction after a full opportunity has been accorded him to be heard in his own defense.   To the same effect is *Ex parte Garland,* 71 U. S. 333, where at page 378 the court says: "They (attorneys) hold their office during good behavior, and can only be deprived of it for misconduct ascertained and declared by the judgment of the court after opportunity to be heard has been afforded."   See also *Ex parte Bradley,* 74 U. S. 364; *Bradley* v. *Fisher,* 80 U. S. 335; *People* v. *Turner,* 52 Am. Dec. 295, and *Ex parte Heyfron,* 7 How. (Miss.) 127.

Where, as in the present case, the judge had called to the attention of the attorney general certain alleged misconduct on the part of the attorney and had requested him to investigate the charges and if in his opinion the facts warranted to prefer charges against the attorney in the supreme court the judge of the circuit court was entirely without jurisdiction to prejudge of the guilt of the accused and to summarily suspend his license without a hearing. An analogous case is *State* v. *Goode,* 4 Idaho 730, where the court said: "The order of suspension of the defendant before a trial is had is in our opinion not proper as it is in the nature of a penalty inflicted without giving the defendant his day in court and before his conviction."   The office of attorney is ordinarily valuable to its possessor.   Indeed it is often the source of great emolument to him.   In the vast majority of cases it constitutes his only means of procuring a living not only for himself but for those depending upon him for support and to deprive him of it would

be likely to leave him with a blighted reputation and comparatively helpless to engage in other remunerative pursuits and thus entail upon himself and family the wretchedness of want and poverty. In view of these grave consequences it is of the highest consideration that the power to suspend or disbar be only exercised in proper cases and after a careful examination and then only after the accused has been afforded the fullest opportunity to be heard. This is not only the dictate of justice but the uniform practice carried into express adjudication in all of the cases with which we are familiar. If the alleged misconduct occurs in the presence of the court the formality of specific charges to be preferred by the aggrieved party or the attorney general may be dispensed with (see *In re Achi*, 8 Haw. 216), but in every case the accused should be permitted to explain his conduct. No judge or tribunal should be, and none is, clothed with authority to arbitrarily and without a hearing disbar or suspend an attorney theretofore duly licensed.

The alternative writ of mandamus heretofore issued herein will be made peremptory.

*A. G. Smith* and *H. R. Hewitt* for petitioner.

*H. Irwin,* Attorney General, for respondent.