STATE EX REL. PEREIRA, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 6,396.)

(Submitted October 13, 1928.   Decided November 30, 1928.)

[272 Pac. 242.]

*Mr. W. N. Waugh* and *Mr. John A. Shelton,* for Relator, submitted a brief; *Mr. Shelton* argued the cause orally.

*Mr. N. A. Rotering* and *Mr. A. C. McDaniel,* for Respondents, submitted a brief; *Mr. McDaniel* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In an action pending in the district court of Silver Bow county, wherein John S. Wulf, Wulf-Alley Company and Wulf Realty Company are defendants, the complaint on file alleges, among other things, that the two companies named are corporations existing under the laws of this state, but it is further alleged that defendant Wulf owns all of the stock thereof, with the exception of a few shares transferred to persons under his control in order to qualify them as directors, and that in each instance Wulf is the corporation and its acts are his acts. In an attempt to establish these allegations, Pereira resorted to the expedient of taking the depositions of Wulf and other officers of the corporation before a notary public designated and who issued subpoenas *duces tecum* for the production of the books and records of the companies.

While Wulf was before the notary on August 14, 1928, defendants petitioned the court for an order recalling the subpoenas and enjoining the further taking of testimony, on the ground that the evidence, if produced, would be irrelevant and immaterial under the allegations of the complaint, upon which petition the court issued a temporary restraining order and an order to show cause on August 18 why the prayer of the petition should not be granted. Pereira forthwith applied for, and secured, the issuance out of this court of a writ of review, directed to the district court and the judge thereof and made returnable on October 13, 1928, at which time the respondents moved to quash the writ as prematurely issued, but nevertheless made return thereto, subject to their motion.

The record before us discloses that the subpoenas were not recalled and the taking of testimony was halted but for a period of four days. There is no showing made of any injury resulting to relator by reason of the orders made, but only the representation of injury which would result in the event the court acted favorably on the petition.

The writ of review, or certiorari (sec. 9836, Rev. Codes 1921), may be granted by this court "when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy." (Sec. 9837, Id.)

According to the English practice, the writ might issue at any time, regardless of the stage which the proceeding had reached in the inferior court (5 Waite's Practice, 456), but "in the vast majority of these United States, the operation of the writ is very limited and the constant tendency, both of the courts and the legislature, is to further restrict it." (Note, 12 Am. Dec. 527; 5 R. C. L. 260.) Our legislature has declared that "the review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer" (sec. 9843, Rev. Codes 1921); and it will be noted that, in framing this command, as well as in granting the authority to issue the writ, the legislature uses the past tense, so that we are prohibited from extending the review beyond the determination of whether the "inferior tribunal" "*has* regularly pursued" its authority and are empowered to grant the writ only when such tribunal "*has* exceeded" its jurisdiction.

The office of the writ, under such statutory provisions, is merely to *annul* acts which are clearly without, or in excess of, jurisdiction, and not to prevent, in advance, threatened wrongs (*Page* v. *Bank*, 38 Utah, 440, 112 Pac. 816), and such writ will not be granted for the correction of merely harmless, technical or formal errors which are not shown to

have resulted prejudicially, or to have caused substantial injustice to the relator (5 R. C. L. 261). Pursuant to such statutes, it is held generally, if not universally, that the writ will not lie until the proceeding, in which the authority of an inferior tribunal is questioned, has been finally determined. (*Sayers* v. *Superior Court*, 84 Cal. 642, 24 Pac. 296, and other California cases noted in 4 Cal. Jur. 1041; *Schwarz* v. *County Court*, 14 Colo. 44, 23 Pac. 84; *Holmes* v. *Cole*, 51 Or. 483, 94 Pac. 964; *State ex rel. Smith* v. *Superior Court*, 47 Wash. 508, 92 Pac. 349; *State ex rel. McNamee* v. *Goode*, 4 Idaho, 730, 44 Pac. 640; 2 Spelling on Injunction and other Extraordinary Remedies, 2d ed., 1633; Harris on Certiorari, 64; 11 C. J. 126.)

In the instant case the court had jurisdiction of the parties and of the subject matter of the original action, as the action was pending therein; it also had control over its process (*Pierson* v. *Daly*, 49 Mont. 478, 143 Pac. 957); whether the recall of process issued would exceed the jurisdiction of the court, had not yet been determined; the court had merely halted the taking of testimony for a period of four days in order to determine whether or not such action should be taken. We must presume that the court will only act within its authority, and that, if on the hearing on order to show cause it is made to appear that the court has no jurisdiction to grant defendants' petition, the proceeding within the action will be dismissed and plaintiff may proceed with the taking of testimony, without resulting injury to him or his cause.

In *Sayers* v. *Superior Court*, above, it is said that: "So long as the proceedings remain *in fieri*, the petitioner has a plain, speedy, and adequate remedy by motion in the court below. We cannot assume that the court below will decide erroneously against any objection which the petitioner may make in his defense to the order to show cause."

Whether the hearing on the order to show cause constitutes a plain, speedy and adequate remedy within the contempla-

tion of the statute, if, as contended by petitioner, the court was without jurisdiction to issue the order, or not, it is certain that the proceeding could have been brought to final determination speedily, and, if petitioner had then succeeded in convincing the court that his position was sound, there would have been no occasion for coming to this court for the writ; in such a situation the rule that a trial court will not be put in error on a matter which has never been submitted to it for correction should apply.

The writ was prematurely issued, and is therefore quashed.

*Writ quashed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Galen concur.