IN THE MATTER OF MÀNUEL S. HENRIQUES, OTHERWISE KNOWN AS MANUEL SOUZA HENRIQUES, LICENSED TO PRACTICE IN THE DISTRICT COURTS OF ALL THE JUDICIAL CIRCUITS OF THE TERRITORY OF HAWAII AS A PRACTITIONER.

No. 2346.

Argued October 20, 1937.                    Decided November 1, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The county attorney of the County of Kauai has prose-cuted an appeal to this court from an order of the circuit judge of the fifth judicial circuit made on the 5th day of April, 1937, vacating and setting aside an order of disbarment entered against Manuel S. Henriques, appellee herein, in that court on the 22d day of June, 1934. The appellee Henriques was duly licensed to practice law in the district courts of the Territory in the year 1918. On May 18, 1934, the county attorney of Kauai filed in the circuit court of the fifth circuit a petition alleging professional malconduct on the part of appellee and demanded his disbarment. On the same day an order to show cause was issued by the circuit judge directing petitioner to appear and answer the allegations of the petition on or before May 29, 1934. The order directed "that a certified copy of this Order and a certified copy of the petition herein be forthwith served upon said Manuel S. Henriques otherwise known as Manuel Souza Henriques in accordance with law." The deputy sheriff of Kauai, the serving officer, duly made return of the service of process certifying that he "served the within petition and Order or Rule to show cause at Kapaa, County of Kauai, Territory of Hawaii, this 18th day of May A. D. 1934, by leaving a certified copy of said petition and Order or Rule to show cause at the last place of residence of Manuel S. Henriques otherwise known as Manuel Souza Henriques, to-wit: his home situate at Apopo, Kapaa aforesaid." The appellee failed to appear and on June 22, 1934,

the circuit judge proceeded to hear the petition *ex parte* and at the conclusion of the introduction of the evidence entered the order of disbarment.

It appears from the record that appellee was a resident of the County of Kauai where for some years he had practiced his profession; that on March 26, 1934, he left the Territory on a visit to Portugal and did not return to this jurisdiction until the month of February, 1936. It further appears that he had no knowledge of the disbarment proceedings instituted against him until the month of December, 1934, when he was advised by his wife, who had joined him in Portugal, of the fact that the circuit judge had, in June of that year, annulled his license to practice law.

Following his return to Hawaii appellee filed a petition in the circuit court to vacate the order of disbarment alleging among other things that because of his absence from the Territory of Hawaii at the time of the hearing of the petition for disbarment he was not afforded a fair opportunity to be heard in his own defense. Following a hearing of appellee's petition the circuit judge held "that no personal service being had upon petitioner of the rule or order issued upon the petition for disbarment, and no sufficient notice having been given him of such proceeding, the petitioner thereby not having had a fair and sufficient opportunity to meet the charges presented against him before this Court, such proceedings were without proper jurisdiction, and the order heretofore made and entered striking petitioner from the rolls of those licensed to practice as attorneys in the district courts of the Territory of Hawaii, is null and void, and the same is hereby set aside."

This appeal involves but one question, namely, did the appellee have proper notice of the disbarment proceedings instituted against him and a fair and reasonable opportunity to controvert the allegations of professional misconduct?

A license to practice law does not confer upon the licensee a vested or absolute right but a privilege or franchise which may be terminated by the court granting it for malpractice, nonpayment of moneys collected by him for private parties, or for any deceit, or other gross misconduct. (See R. L. 1935, § 3614.) The power to revoke or suspend the license cannot be exercised arbitrarily nor at the mere whim or pleasure of the court. Except where the unprofessional conduct takes place in the presence of the court power to revoke should only be exercised after the accused has had notice of the charges and a full and fair opportunity to refute them if he can. "This power of removal from the bar is possessed by all courts which have authority to admit attorneys to practice." But "except where matters occurring in open court, in presence of the judges, constitute the grounds of its action, the power of the court should never be exercised without notice to the offending party of the grounds of complaint against him, and affording him ample opportunity of explanation and defence. This is a rule of natural justice, and is as applicable to cases where a proceeding is taken to reach the right of an attorney to practice his profession as it is when the proceeding is taken to reach his real or personal property. And even where the matters constituting the grounds of complaint have occurred in open court, under the personal observation of the judges, the attorney should ordinarily be heard before the order of removal is made, for those matters may not be inconsistent with the absence of improper motives on his part, or may be susceptible of such explanation as would mitigate their offensive character, or he may be ready to make all proper reparation and apology. Admission as an attorney is not obtained without years of labor and study. The office which the party thus acquires is one of value, and often becomes the source of great honor and emolument to its possessor. To most persons who enter

the profession, it is the means of support to themselves and their families. To deprive one of an office of this character would often be to decree poverty to himself and destitution to his family." *Bradley* v. *Fisher,* 13 Wall. 335. (See also *Ex parte Bradley,* 7 Wall. 364; *Ex parte Garland,* 4 Wall. 333.) In *Bevins* v. *Burr,* 25 Haw. 570, 576, this court said: "In view of these grave consequences it is of the highest consideration that the power to suspend or disbar be only exercised in proper cases and after a careful examination and then only after the accused has been afforded the fullest opportunity to be heard. This is not only the dictate of justice but the uniform practice carried into express adjudication in all of the cases with which we are familiar. If the alleged misconduct occurs in the presence of the court the formality of specific charges to be preferred by the aggrieved party or the attorney general may be dispensed with (see *In re Achi,* 8 Haw. 216), but in every case the accused should be permitted to explain his conduct. No judge or tribunal should be, and none is, clothed with authority to arbitrarily and without a hearing disbar or suspend an attorney theretofore duly licensed."

No statute or rule of court exists in this jurisdiction prescribing the method of service of notice upon the accused in a disbarment proceeding. In the case at bar the circuit judge issuing the order to show cause gave no directions to the serving officer in respect to the manner of serving the accused other than to prescribe that the process be served "in accordance with law." The serving officer was therefore left to exercise as best he could his own judgment as to what might constitute service "in accordance with law." He elected to make service by leaving a copy of the petition and the order to show cause at the last place of residence of the appellee at Kapaa, Kauai, without even making any search for the appellee in order to ascertain whether he could be found and personally served within the Territory.

It was shown at the hearing on appellee's petition to revoke the order of disbarment that at the time of the substituted service in May, 1934, he was in Europe and was not advised of the proceedings nor of the order of disbarment until long after the petition had been heard and acted upon by the circuit judge.

We do not hesitate to conclude that the appellee did not receive legal notice of the proceedings of disbarment nor was he ever afforded a fair or any opportunity to be heard in his own defense. It therefore follows that the circuit court was without jurisdiction to enter the order of disbarment dated June 22, 1934.

Appellant has included as part of his record on appeal a transcript of the evidence introduced at the original proceedings heard and disposed of in the year 1934. Motion is now made by appellee to strike this document on the ground that it has no proper place in the records of the pending appeal. In view of our affirmance of the order appealed from the transcript, although extraneous, becomes harmless and in no way prejudicial to appellee and the motion will be denied.

The decision and order appealed from is affirmed.

*A. G. Kaulukou,* County Attorney of Kauai (also on the briefs), for appellant.

*J. F. McLaughlin (Stainback & Massee* on the brief) for appellee.

#### CONCURRING OPINION OF BANKS, J.

I concur in the foregoing opinion. I think, however, that in order to obviate the danger of having the jurisdiction of the court to disbar a licensed attorney or a licensed district court practitioner, who has, by his misconduct, forfeited his right to practice his profession, defeated, by removal for an indefinite period to a foreign jurisdiction, some provision should be made by statute or rule of court for service of process in such cases.