STATE ex rel. NELSON et al., Relators, v. DISTRICT COURT et al., Respondents.

(No. 7,835.)

(Submitted June 1, 1938. Decided July 22, 1938.)

[81 Pac. (2d) 699.]

168

[redacted]

*Mr. C. E. Comer,* for Relators, submitted a brief, and argued the cause orally.

*Messrs. Oliver & Robinson,* for Respondents; *Mr. J. C. Robinson* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Pursuant to a writ of review isued by this court, there were certified by the respondents all the records in the case of *Peoples Church of the Nazarene of Missoula, Montana,* v. *A. T. Nelson,* on file in the district court of Missoula county. The original controversy involves a right to a contract of purchase of certain real estate located in the city of Missoula. In that action the plaintiff is designated as the Peoples Church of the Nazarene of Missoula, Montana, the defendants being A. T. Nelson, Anna Nelson, E. H. Galland, Mrs. Gene Desarmo, who are designated as trustees for the Peoples Church of Christ, an unincorporated society.

The history leading to this controversy in the lower court is as follows: In July, 1931, A. T. Nelson came to Missoula to organize a church under the auspices of the Church of the Nazarene of Missouri; he accomplished this purpose and incorporated a church known as Peoples Church of the Nazarene of Missoula, Montana. For a time things went well with this church. By the collections and labor of Nelson and members of the church, the church acquired by contract of purchase real estate in the city of Missoula for the purpose of use as a church

building. Later, however, there was some difficulty with the parent church of Missouri, and Nelson was forbidden to act as pastor of a church using the word "Nazarene" in its name. The difficulty with the parent church resulted in Nelson and his followers changing the name of the corporation to the Peoples Church of Christ, Missoula, Montana. They continued to operate, using the same church premises and accomplished a very material reduction of the indebtedness against such church. The leaders of the Church of the Nazarene of Missouri and some other residents of Missoula carried on a church at a separate and distinct place and under the auspices of the Church of the Nazarene of Missouri. The action was instituted by this second group in the name of the original corporation, the Peoples Church of the Nazarene of Missoula, Montana. The case was tried without a jury upon an agreed statement of facts, consisting of an agreement to consider as true certain allegations in the defendants' answer and that the trial court should consider certain documentary evidence. The trial court found the issues in favor of the plaintiff, and the defendants here seek to correct the judgment of the court by a writ of review on the ground that it based its judgment on other and contrary facts than those stipulated upon. The respondents appeared here by a motion to quash the writ.

The agreed statement of facts consisted, in part, of an admission of both parties that certain allegations in the answer were true. This agreed statement then automatically became the court's findings and had the effect of a special verdict as to the facts agreed upon. (See sec. 9372, Rev. Codes; *Warren* v. *Chouteau County,* 82 Mont. 115, 265 Pac. 676; *McCarthy* v. *Employers' Fire Ins. Co.,* 97 Mont. 540, 37 Pac. (2d) 579, 97 A. L. R. 292; *Conklin* v. *Cullen,* 25 Mont. 214, 64 Pac. 502.) The court was bound to make its conclusions on this stipulation in so far as the facts necessary were agreed upon. As to the facts not stipulated upon it could refer to the evidence for their determination. (*Lewis* v. *Lambros,* 58 Mont. 555, 194 Pac. 152.) However, the court in this case did not follow the stipulation but made special findings which were contrary to the agreed

statement. It found that the Missoula corporation was under the ecclesiastical jurisdiction and supervision of the Missouri church, and that the Missouri church has never abandoned, nor is it estopped from asserting, such supervision and control; that plaintiffs in the action below were the group adhering to the original corporation and that the defendants were an unincorporated society, they having abandoned their rights as trustees and officers of the corporation known as the Peoples Church of the Nazarene of Missoula, Montana.

The agreed statement of facts shows that Lewis E. Hall, the chairman of the district supervisory board of the Church of the Nazarene of Missouri, and for the group represented by M. S. Heltzel, for whom he verified the complaint, with their knowledge, consent and approval before the assembled membership of the Missoula corporation, disclaimed for himself and the others any and all interest, right, title or control of, in or to the realty involved, and further made the following statements: That the Church of the Nazarene of Missouri "had no strings on the organization," and, then, "so far as we are concerned you can turn this church into a dance hall," all of which definitely shows that there was an abandonment of any right to the property, as well as an abandonment of the ecclesiastical jurisdiction.

The agreed statement of facts also shows that the group represented by Nelson at a regular meeting amended the articles by changing the name of the corporation to the Peoples Church of Christ of Missoula, Montana, and that the group led by the leaders of the Church of the Nazarene of Missouri conducted services under the jurisdiction of the Church of the Nazarene of Missouri at a place separate and apart from the premises at which Nelson was operating—at first, under the name of the Church of the Nazarene, and then, after some two years had elapsed and realizing that claim might be made to the property here involved, under the name of the Peoples Church of the Nazarene of Missoula, Montana.

The agreed statement of facts further shows that the group represented by Hall and Heltzel knew that Heltzel was not at the time of the filing of the complaint, nor ever was, a trustee

or officer of the corporation known as the Peoples Church of the Nazarene of Missoula, Montana, and that neither Heltzel nor anyone represented by him had at any time the possession of the contract for the purchase of the realty. All of this indicates that the defendants are the successors of the original corporation and that they have not abandoned any rights as its officers or as to its property, and that they are not now operating as an unincorporated society.

Bound, as it was, by this agreed statement of facts, the court was in error in basing its conclusions on other and contrary findings.

The relators have asked that this court act under a writ of review or other appropriate writ. We do not think a writ of review is the proper remedy in this case, for the reason that the error committed here was within the court's jurisdiction. A writ of review lies only when a court is acting without its jurisdiction. (*State ex rel. Murphy* v. *District Court,* 99 Mont. 209, 41 Pac. (2d) 1113; *State ex rel. Cheadle* v. *District Court,* 92 Mont. 94, 10 Pac. (2d) 586; *State ex rel. Pereira* v. *District Court,* 83 Mont. 349, 272 Pac. 242.)

The error here committed was in rendering a judgment on a set of facts contrary to those agreed upon. By the command of section 9372, Revised Codes, the agreed statement of facts, as stated above, becomes the findings of fact and has the effect of a special verdict. In the case of *State ex rel. Furshong* v. *District Court,* 105 Mont. 37, 69 Pac. (2d) 119, the trial court in determining the existence of undue influence on a testatrix in making her will, submitted the question to the jury, and then disregarded the jury's finding and rendered judgment in contradiction to the verdict. On application to this court for a writ of supervisory control it was found that the error, if any was committed, was one committed within jurisdiction. Therefore, by the conclusion in the *Furshong Case,* the proper remedy in the instant case is supervisory control, rather than certiorari.

The respondents in their motion to quash contend that the relators have a complete remedy by appeal in the regular man-

ner. The limitations to this court's power of supervisory control are set forth in the case of *State ex rel. Furshong* v. *District Court,* supra, where it is said: "Our interference with litigation in a trial court by writ of supervisory control is justifiable only in certain special instances. This court has often repeated that the mere fact that an appeal lies from a certain order or judgment does not operate in every instance to defeat relief under the writ. (*State ex rel. Regis* v. *District Court,* 102 Mont. 74, 55 Pac. (2d) 1295, and cases therein cited.) A long line of decisions, however, has limited the use of this extraordinary remedy to certain well-defined classes of cases. Generally speaking, where no emergency exists to warrant the immediate action available under the writ, the remedy by appeal, if there be an appeal, is held to be adequate."

In the case before us it is admitted that there is an appeal, but it is contended that the appeal is not adequate in that the relators are poor and cannot furnish an appeal bond which will stay execution of the judgment, should this court deny their application for relief. The question tendered then is, whether the inability of the relators to furnish an appeal bond is such an emergency as will warrant us to exercise this extraordinary power.

This court in the *Furshong Case,* supra, has held that the expenses connected with an appeal do not constitute such an emergency. The basis for this holding is founded upon reason. The poverty of the relator in that case would not have stood in his way on appeal to this court, for on a due showing of his poverty this court will review his appeal without the payment of the usual fees. But in this case the situation is different. The appeal bond is required by statute to be posted (see secs. 9733 et seq., Rev. Codes) and there is no relief from this requirement other than waiver. (*Hines* v. *Carl,* 22 Mont. 501, 57 Pac. 88.) The relators here have alleged their poverty and the motion to quash admits the allegation for the purpose of the sufficiency thereof. There is no showing that the relators are misrepresenting their financial condition, and, consequently,

their right to appeal is as effectually cut off as though their appeal was from a non-appealable order.

As this court now has the entire record before it, and the remedy by appeal in the regular manner is not open to the relators, this court, in order that manifest justice be done, has the authority to exercise its extraordinary power of supervisory control.

Let a peremptory writ of supervisory control issue commanding the district court of Missoula county to vacate its findings and conclusions contrary to the views expressed in this opinion and make new conclusions in conformity herewith, to set aside the judgment heretofore entered and to make and enter a judgment in conformity with the conclusions so made.

ASSOCIATE JUSTICES STEWART, MORRIS and ANGSTMAN concur.