STATE EX REL. MERCER, RELATOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 8469.)

(Submitted October 13, 1943. Decided November 26, 1943.)

[145 Pac. (2d) 527.]

*Ralph L. Arnold* for relator,

*Fremont W. Wilson,* for respondents,

MR. JUSTICE ANDERSON delivered the opinion of the court.

Application for writ of review directed to the district court in contempt proceeding originating in justice court.

The matters which gave rise to the contempt charge occurred in connection with a proceeding before the justice of the peace under section 2749, Revised Codes, to inquire into the facts of a reported violation of the Fire Prevention Act. The relator had been subpoenaed as a witness and it was for conduct in the presence of the court that he was charged with contempt and

was fined $100. Relator refused to pay and sought relief by writ of review from the district court. An alternative writ was issued. Hearing thereon was had at which the relator was present with counsel. A peremptory writ was denied. The relator has now applied to this court for a writ of review to the district court.

The only question presented by an application for writ of review is whether the district court, in making its order denying the peremptory writ, had exceeded its jurisdiction. (Sec. 9837, Rev. Codes; *State ex rel. King* v. *District Court,* 24 Mont. 494, 62 Pac. 820; *State ex rel. Tague* v. *District Court,* 100 Mont. 383, 47 Pac. (2d) 649.) The writ cannot be used to correct errors within jurisdiction. (*State ex rel. Cheadle* v. *District Court,* 92 Mont. 94, 10 Pac. (2d) 586; *State ex rel. Nelson* v. *District Court,* 107 Mont. 167, 81 Pac. (2d) 699.)

The Montana Constitution, Article VIII, section 11, as well as the statute, section 8829, Revised Codes, grants to the district court and its judges the power to issue, hear and determine writs of certiorari. As has already been pointed out, there was full hearing of the application before the district judge, relator being present with counsel and offering and giving proof in support of his application. The regularity of the proceeding before the district court is not questioned.

If relator shall want to inquire into the correctness of the order made by the district court, it will be necessary to seek a review thereof by appeal. (Secs. 9837 and 9867, Rev. Codes; *State ex rel. Shing* v. *Lenahan, Justice of the Peace,* 17 Mont. 518, 43 Pac. 712.) There cannot be review by certiorari where an appeal lies. (*Shaffroth* v. *Lamere,* 104 Mont. 175, 65 Pac. (2d) 610.)

In the case presented certiorari does not lie, and the writ must be denied.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, MORRIS and ADAIR concur.

Rehearing denied February 16, 1944.