## ATCHISON and others vs. ROSALIP and another.

1. JUDGMENT DOCKET — EVIDENCE. — The judgment docket of the district court, being a court of general jurisdiction, is *prima facie* evidence of the validity of a judgment before a justice of the peace, a transcript whereof has been docketed in such court.

2. SAME. — It is not necessary that such transcript should show the jurisdiction of the justice, but a want of jurisdiction may be shown when any right is claimed under it.

3. GARNISHEE PROCEEDINGS — JUDGMENT. — A proceeding by garnishee process is the commencement of a separate suit by the creditor against the garnishee, and it should be entered, conducted and judgment rendered therein as in a separate suit. A mere order in the original case that the garnishee stand liable for the amount of the judgment in that suit, is not a valid judgment against the garnishee.

4. SHERIFF'S DEED. — In order to sustain a sheriff's deed as a valid conveyance, the party claiming under it must show a valid judgment against the former owner, an execution issued thereon and a sale by the sheriff.

5. ATTACHMENT — JUDGMENT. — In a suit by attachment against a debtor not served with process, and who does not appear in the action, the judgment rendered binds only the property attached.

6. SAME. — A transcript of a judgment rendered in a suit by attachment before a justice of the peace, in which the defendant is not served with process or does not appear, does not become a lien on the real estate of the debtor, and a sale of such real estate upon execution issued out of the district court, upon such judgment after being docketed therein, is void and without authority of law.

7. JUSTICE'S JUDGMENTS — TRANSCRIPTS. — No judgments except such as are rendered upon service of process or actual appearance can be transferred to and docketed in the district or circuit court, so as to become a lien on the real estate of the debtor.

(4 Chand., 12.)

ERROR to the Circuit Court for *Grant* County.

This was an action of ejectment brought against *Rosalip & Thiers* for certain lands in Grant County by *Caroline V. Atchison, John S. Atchison* and *Charles B. Atchison*, claiming as heirs at law of John Atchison, deceased, in whom it was proved that the legal title was vested March 10, 1843. The defendants claimed title by virtue of a sheriff's sale upon an execution issued upon an alleged judgment rendered against the plaintiffs' ancestor, John Atchison, in justice's court, in favor of one Baker, a transcript whereof had been filed and docketed in the district court for Grant county.

The suit in justice's court was commenced by attachment, and E. B. Washburne was summoned as garnishee of said Atchison, but it appeared that no notice of the action had been given to Atchison, except by publication in a newspaper pursuant to the statute. Neither the defendant nor his garnishee ever appeared, but on the 16th of December, 1843, after two adjournments, judgment was rendered against Atchison by default, for fifty dollars damages and fourteen dollars and ninety-six cents costs, and as to Washburne, the garnishee, the following memorandum was entered in the record of the suit against Atchison, to wit: "It is further considered and adjudged by the court, that the said E. B. Washburne, summoned as garnishee, and not appeared, and due proof being given of his having moneys of the defendants in his hands of over and above this judgment, it is by the court considered and adjudged that the said E. B. Washburne stand liable for the amount of this judgment (the one by default against Atchison), and that the plaintiff may have execution against the said garnishee." This judgment was docketed in the office of the clerk of the district court, as a judgment against said Atchison, and Washburne as garnishee, as stated in the opinion of the court, and an execution was issued January 24, 1844, against both of them, out of said court, to the coroner of Grant county, and upon which he sold the real estate in question to Baker,

the plaintiff in the execution, on account of which a deed was executed to said Baker, December 12, 1846, and February 26, 1848, Baker executed to the defendants a conveyance of the premises in question, and under which they entered and claimed to hold. To the defendants' title it was objected, among other things, that the justice had no jurisdiction to render the judgment in question, for want of personal service on the defendant, or appearance by him, but the circuit judge charged the jury that the transcript docketed in the district court was conclusive and sufficient, and refused to instruct the jury that the judgment was void for want of jurisdiction; and also refused to instruct the jury that the coroner's deed and anterior proceedings were void.

The defendants had a verdict and judgment, and the plaintiffs brought their writ of error.

*Hollister & Lakin,* for plaintiffs in error, cited *Earl v. Camp,* 16 Wend., 566; *Picquet v. Swan,* 5 Mass., 43; *Shriver's Lessee v. Lynn,* 2 How., 43; *Green's Heirs v. Breckenridge's Heirs,* 4 Mon., 544; *Bloom v. Burdick,* 1 Hill, 139; *Bigelow v. Stearns,* 19 Johns., 40; *Hollingsworth v. Barbour,* 4 Pet., 470, to show that the judgment relied on to support the sheriff's sale was void.

*W. R. Biddlecome,* for defendant in error, on the same point, to support the judgment, cited *Jackson v. Jones,* 9 Cow., 182; *Jackson v. Tuttle,* id., 233; *S. C.,* 6 Wend., 213; id., 666; 1 Rawle, 223; 2 Cow., 506; 5 Wend., 292; *Green v. Sarmiento,* 1 Pet. C. C., 74, 82; 7 Cranch, 481; 3 Wheat, 234; *McRae v. Mattoon,* 13 Pick., 53.

HUBBELL, C. J. The defendants in error claim title to a large amount of real estate under a sheriff's deed. To establish that title in the court below, it was necessary to show a valid judgment, an execution issued thereon, and a sale by the sheriff. The principal question discussed before us was whether a valid judgment had been shown in the district court

from which the execution issued. The docket of the late district court of Grant county was produced in evidence, and the defendants in error offered to read from it the entry of a judgment by transcript, in the following words:

" *Enos S. Baker v. John Atchison.* E. B. Washburne, *garnishee.*

" Damages ................................................$50 00
" Costs ................................................... 15 96

$65 96

" Transcript from Justice Tompkins. Filed Dec. 27, 1843."

Had the proof rested here, there would be no doubt that, *prima facie*, a valid judgment was made out. A transcript from the docket of a justice of the peace, in this form, is substantially sufficient to warrant the clerk of the court in entering the judgment required by the statute. R. S., 1839, 330, 341; 9 Cow., 182; 6 Wend., 666.

These are cases directly in point, decided by the highest·courts of the state of New York, from which the statute of the late territory was derived. It is not necessary that the transcript should show the jurisdiction of the justice. All this is presumed in the first instance. But want of jurisdiction is a fact that may be shown, whenever any right is sought to be established under the judgment. 8 Cranch, 9; 5 Wend., 148, and cases cited and commented on by MARCY, J. The full transcript of the docket of the justice, introduced by the defendants in error, shows a fatal irregularity in the proceedings. Suit was commenced, by attachment, against *John Atchison* and the rights and credits of the defendant, in the hands of E. B. Washburne, were attached and Washburne was summoned as garnishee. A proper judgment was rendered by the justice against the principal debtor. The entry of final judgment against the garnishee appears on the transcript, as a part of the proceedings in the suit against *Atchison*, and is in these words: "It is by the court considered and adjudged that the said E. B. Washburne stand liable for the amount of this

judgment, and that the plaintiff may have execution against the said garnishee." This is a mere order that he stand *liable* to pay the judgment against the principal debtor. The statute is as follows: "All issues between the plaintiff and garnishee shall be tried as ordinary issues between plaintiff and defendant, and costs may be adjudged against either party, as in ordinary cases. And if, upon the trial of any such issues, property or effects shall be found in the hands of the garnishee, the justice or jury shall assess the value thereof, and the judgment shall be for the amount in money." (Stat. 39, page 338, sec. 15.)

The docket of the justice ought to have disclosed the entry of a separate suit, and separate proceedings against the garnishee; and there should have been a "judgment as in ordinary cases." None of these provisions of the statute having been complied with, the proceeding was void for irregularity. There was no judgment in the justice's court, which could be sent by transcript to the district court, and entered therein in pursuance of the statute for that purpose. But again, there is another difficulty in the case, which was not the subject of discussion in the court below, but which this court is required to notice. The suit, by attachment, against *John Atchison*, was without personal service, and was in the nature of a proceeding *in rem*. The justice's judgment, had it been regular, would have bound only the property attached in the hands of the garnishee.

I am not aware that this point has ever been expressly decided, either in this court or in the supreme court of the late territory. But the general principle seems to be clear, and is sustained by authority. 9 Howard, 346.

Title was attempted to be made to a lot of land under a sheriff's deed, upon a sale made on execution, in pursuance of a decree of the court of chancery, in the state of Ohio. The facts were the same as in this case, except that there, the county court, acting in equity, under the statutory provision,

obtained jurisdiction of the property of the defendant by advertisement. The supreme court of the United States held that there was no jurisdiction acquired in respect to the person or the property generally, of the defendant, and that the decree could only affect the property, which was specifically, the subject of that proceeding, it being in the nature of an action *in rem.* And the court remarks, that if the land in question could be made subject to such a procedure, then the special jurisdiction, given by the statute is converted by construction into a general proceeding against the property of nonresidents, by a mere publication of notice.

The property of an individual is subject, in a certain sense, to the law of the state where it is situated. It is liable for taxes and to such special proceedings against it as the law shall authorize. An attachment may be laid upon it, and it may be sold in satisfaction of an established claim, and the legislature may, perhaps, subject other lands to the payment of the judgment on the attachment, after the sale of the lands first attached."

These are sound principles, and must receive the sanction of every enlightened court. Statutes conferring jurisdiction against the property of absent and nonresident defendants, without personal notice of the proceeding, are not to be extended by construction. The right of parties to appear in court, and defend against all suits, affecting their pecuniary rights and interest, is of a sacred character, which cannot be denied, except in peculiar cases. Whenever the legislature specifically authorizes such a proceeding, it becomes the court to give effect to its intentions, so far as they are clearly expressed and within constitutional limits. But we are admonished by every consideration for private rights, not to extend the indulgence beyond the rigid limits of each particular case. Assuming the principle to be established, that the proceeding by attachment in the justice's court, would not have authorized the sale of any property beyond the amount reached by

Atchison and others vs. Rosalip and another.

the garnishee process and judgment, the question arises whether the transfer of the judgment by transcript to the district court made it, afterwards, a lien on the real estate of the principal debtor? We think not; especially not in a case like the present. Jurisdiction of the principal debtor was attempted to be obtained by attaching his property, in the hands of Washburne, the garnishee. If there was property there, where is it? What became of it?

It may have been shown to the clerk of the district court that an execution had been issued by the justice and "returned unsatisfied." This the statute required before execution could issue from the higher court. But this throws suspicion on the whole matter, without any further attempt to disclose what became of the property, or whether, in fact, there ever was any.

A judgment entered in the district court for the full amount of the original judgment indicates a wrong somewhere. By such a proceeding, the absent debtor and his heirs are to be divested of a large real estate, without the opportunity of defending against the claim in the first instance, or of appearing at the sale and preventing a sacrifice of the property. It cannot be supposed that the legislature intended any such results from the provision relating to the entry of judgment by transcript. At all events, in the absence of express words reaching and covering the case of judgments obtained before justices, by proceedings in attachment, it must be held that they were intended to form an exception. A majority of this court are clearly of opinion that no judgments, except such as are rendered upon personal service, or actual appearance, can be transferred to the district or circuit court, and there become a lien on the land of the debtor generally. The judgment was therefore erroneous and void, upon this ground.

Judgment reversed.