## WILLIAMS V. RICE.

1. While the docket of a justice of the peace should, and will, when kept in the manner required by law, contain a record of all facts essential to the jurisdiction of such court, an authentical transcript of a judgment rendered in justice court is not void, although it fails to show jurisdictional facts, and is in the following form:

   "Territory of Dakota, County of Hamlin—ss.: Justice Court. Before J. R. Taylor, Justice of the Peace. ' W. H. Williams, Plaintiff, vs. Easton O. Rice, Defendant. Defendant failing to appear, I therefore render judgment in favor of the plaintiff and against the defendant in the sum of one hundred dollars and costs in this action. Judgment rendered March 10th, at 8 o'clock p. m., A. D. 1886, for plaintiff for $100.00; costs, $16.50; cost of transcript of judgment to be added, $1.00; total, $117.50."

   "Territory of Dakota, County of Hamlin—ss.: I, R. J. Taylor, a justice of the peace, hereby certify that I have compared the foregoing with the original entry of judgment rendered by me in the above-entitled action, and that the same is a correct transcript therefrom as appears from my docket. Given under my hand this tenth day of March, A. D. 1886. R. J. Taylor, Justice of the Peace for Hamlin County, D. T."

2. A judgment of a justice of the peace, a transcript of which is entered and docketed in the circuit court, thereby becomes a judgment of such court, and may be enforced by execution in the same manner and for the same length of time as a judgment originally rendered in said court.

   (Syllabus by the Court. Opinion filed Oct. 2, 1894.)

Appeal from circuit court, Hamlin county. Hon. A. W. CAMPBELL, Judge.

Application to the circuit court for leave to issue an execution upon a judgment recovered in justice court, a transcript of which had been entered and docketed in the circuit court. From an order granting the application defendant appeals.

The facts are stated in the opinion.

*Julian Bennett* and *M. E. Sheldon*, for appellant.

It is absolutely necessary that all the elements of jurisdiction appear from the record of the proceedings of an inferior court. Grignon v. Astor, 2 How. 319; 4 Am. & E. Ency. Law

453; Swain v. Chase, 12 Cal. 283; Rowley v. Howard, 23 Id. 401; King v. Randlett, 33 Id. 318; Gadsby v. Sitwer, 44 N. W. 606.

To be admissible as proof, a certified copy of a justice transcript must show that the justice has jurisdiction of the person and the subject matter.    Benn v. Borst, 5 Ward. 291; Sutherland Stat. Cons. 238.    A transcript of a justice judgment to be filed with the clerk must contain all the essential requirements necessary to be shown by judgments of inferior courts to render them valid.    White v. Espey, 27 Pac. 71; Dearborn v. Patton, 4 Oregon 58.    After a judgment of a justice court is five years old an execution cannot issue thereon.    White v. Clark, 8 Cal. 512; Kerns v. Graves, 26 Cal. 156; Young v. Remer, 4 Barb. 442.

*A. S. Mitchell* and *P. C. Truman*, for respondent.

It is always sufficient that the justice's record—not judgment—should show the necessary jurisdictional facts.    1 Black. Judg's § 286; 2 Id. § 522.    Justice's judgments have the same presumptions as to jurisdictional facts as those of superior courts.    2 Black. Judg's §§ 936, 966.    Neither the nature of the action nor the justice's jurisdiction thereof, can be shown by the judgment.    Barnes v. Holton, 14 Minn. 357.    A justice judgment duly filed and docketed by the clerk of the circuit court becomes in all respects a judgment of the circuit court and is not outlawed in five years.    Comp. Laws, § 5108; McCoy v. Cox, 7 N. W. 44.

FULLER, J.    On the 10th day of March, 1886, respondent procured a judgment against appellant in a court of a justice of the peace, which, as shown by the certified transcript thereof filed in the circuit court two days thereafter, is as follows:

"Territory of Dakota, County of Hamlin—ss:    Justice Court.    Before J. R. Taylor, Justice of the Peace.    W. H. Williams, Plaintiff, vs. Easton O. Rice, Defendant.    Defendant failing to appear, I therefore render judgment in favor of the

plaintiff and against the defendant in the sum of one hundred dollars and costs in this action. Judgment rendered March 10th, at 8 o'clock p. m., A. D. 1886, for plaintiff for $100.00; costs, $16.50; cost of transcript of judgment to be added, $1.00; total, $117.50."

"Territory of Dakota, County of Hamlin—ss.: I, R. J. Taylor, a justice of the peace, hereby certify that I have compared the foregoing with the original entry of judgment rendered by me in the above entitled action and that the same is a correct transcript therefrom as appears from my docket. Given under my hand this tenth day of March, A. D. 1886. R. J. Taylor, Justice of the Peace for Hamlin County, D. T."

More than five years having elapsed before execution issued, an application on due notice to appellant was made to the circuit court, pursuant to section 5111 of the Compiled Laws, for leave to issue an execution on said judgment, and from an order granting such leave, defendant appeals to this court.

Section 5108 of the Compiled Laws is as follows: "A justice of the peace, on the demand of a party in whose favor he shall have rendered a judgment, must give a certified transcript thereof, which may be filed in the office of the clerk of the circuit court of the county or subdivision in which the judgment was rendered, and such clerk must thereupon enter such judgment in the judgment book, and upon the judgment docket; and, from the time of the docketing thereof, it becomes a judgment of such circuit court, and a lien upon real property, and a certified transcript of the docket of such judgment may be filed, and the judgment docketed accordingly, in any other county or subdivision, with the like effect in every respect as if the judgment had been rendered in the circuit court where such judgment is filed." Counsel for appellant contend that the transcript filed in the circuit court does not show that the justice of the peace had any jurisdiction to render the judgment, and that an execution can, in no event, issue upon a judgment

rendered by a justice of the peace after five years from the date of its rendition. While the docket of a justice of the peace should, and will, when kept in the manner required by law, contain a record of all facts essential to the jurisdiction of such court, a judgment, properly entitled, that states the amount thereof, including costs, and the time when rendered, seems to meet the requirements of section 6123 of the Compiled Laws, and a transcript of such judgment filed in, and thereby made a judgment of, a court of general jurisdiction, in which the entries that are required to be made in the records thereof are at least *prima facie* evidence of what they contain, is not void because it fails to expressly show the jurisdiction of the justice of the peace in whose court such judgment was rendered, and the burden of showing a want of jurisdiction is upon the party raising the question.

The decisive question in Atchison v. Rosalip, 3 Pin. 288, was the sufficiency of the following transcript of a judgment filed in the district court: "Enos S. Baker vs. John Atchison, E. W. Washburne, Garnishee. Damages, $50; costs, $15.96,— $65.96. Transcript from Justice Tompkins. Filed Dec. 27, 1843." The court says: "Had the proof rested here, there would be no doubt that *prima facie* a valid judgment was made out. A transcript from the docket of a justice of the peace in this form is substantially sufficient to warrant the clerk of the court in entering the judgment required by statute. It is not necessary that the transcript should show the jurisdiction of the justice. All this is presumed in the first instance." In Jackson v. Tuttle, 9 Cow. 233, a transcript of a justice's judgment filed in the following form, was held sufficient to bind land, although it does not on its face show that the justice had jurisdiction to render the judgment: "Oneida County, Justice Court. Jesse Hiles vs. Daniel Gridly. March 24, 1820. Judgment rendered for pl'ff for the sum of $49.64; costs, $1.18,— $50.82. Costs of copy to be added. I certify the above to be a true copy of a judgment on record in my office. Dated April

3d, 1820. Samuel Whitmore, J. P." To the same effect, see Jackson v. Jones, Id. 182; Jackson v. Rowland, 6 Wend. 667; Treplow v. Buse, 10 Kan. 170; Franse v. Owens, ·25 Mo. 329; 1 Freem. Ex'ns, 14; 5 Black, Judgm. 522. We are aware that there are courts holding that the transcript, in order to be effectual, must show upon its face that the justice had jurisdiction to render the judgment; but it appears, so far as we have been able to examine, that the statutes upon which such decisions rest either provide a form for judgments in justice courts, requiring all jurisdictional facts to be specified, or contain a provision expressly requiring the justice to make a certified transcript of the judgment and of all proceedings in the case, so far as they appear from his docket; and a careful examination of such statutes leads to the irresistable conclusion that decisions based thereon cannot be followed in states having statutory provisions similar to sections 5108 and 6123 of the Compiled Laws of this state.

Presumably for the purpose of preserving from loss or destruction a judgment rendered by a justice of the peace, and expressly for the purpose of making it a judgment of the circuit court, a transcript thereof is placed upon the judgment book, and entered upon the docket in said court, and thereby becomes a lien upon real property, and in every respect the same as a judgment rendered in the circuit court. For convenience, economy, and expediency these courts of limited jurisdiction were created, and there appears to be no good reason why a judgment rendered by a justice of the peace should not be as binding, as lasting, and as irrefutable as the adjudications of courts of general jurisdiction, after they have been placed on a par with, and declared by statute to be, judgments of such courts. The only reason for the statute limiting to five years the period of duration of time within which an execution can issue upon a justice's judgment appears to be the liability to destruction or imperfect preservation of the proofs of such judgments, and, when transcripts thereof are placed upon the

records, and under the exclusive protection and control of the circuit court, and by statutory adoption become judgments of such courts, the reason for the limitation no longer exists.

The statute provides that an execution may issue on a judgment in justice court at any time within five years from the entry thereof, unless such judgment has been taken to the circuit court on error or appeal, or has been docketed therein; and unless an execution has been issued upon a judgment obtained in circuit court, and returned unsatisfied in whole or in part, within five years from the time of its rendition, no execution can issue upon such judgment without leave of court first obtained on notice to the adverse party. Comp. Laws, §§ 5110, 5111, 6111. A judgment of the circuit court becomes a lien upon real property, subject to the homestead exemption, when docketed in the county where it was rendered, and so remains for a period of 10 years from the time of such docketing; and it may be made a lien, for a period of 10 years from the time such judgment was docketed in the county where rendered, upon all real estate owned by the judgment debtor, except the homestead, which may be situated in any other county of the state, by filing a transcript of the original docket with the clerk of the circuit court of such county; and with like effect, and in every respect the same as if the judgment had been rendered in such court, a judgment of a justice of the peace docketed in the circuit court of the county in which the same was rendered may be made a lien upon land situated in any other county, by filing therein a transcript of said judgment, certified by the clerk of the circuit court, as required by sections 5104-5108 of the Compiled Laws. The docketing of a judgment in the circuit court of the county in which it was rendered gives notice to the world, and alone creates a lien upon real property situated therein for a period of 10 years from the date of such docketing; and the fact that a judgment was originally entered in a justice court, and therefore not a lien upon real property until a transcript thereof was docketed in the circuit court,

would not, in our opinion, deprive such judgment of the force and effect of a judgment of the circuit court as a lien upon real property for the entire period of 10 years from the time the same was docketed in and became a judgment of such circuit court. McCoy v. Cox (Iowa) 7 N. W. 44. We therefore hold that the docketing in the circuit court of a transcript of a judg· ment rendered by a justice of the peace renders it enforceable therein for the same length of time, and in the same manner as judgments originally rendered and docketed in said court; and the order of the circuit court is affirmed.

KELLAM, J. I concur in this decision. White v. Clark, 8 Cal. 512; Kerns v. Graves, 26 Cal. 156; and Young v. Remer, 4 Barb. 442,—cited by appellant as supporting his proposition that nothing is added to the life of a justice's judgment by its being transcripted and docketed in the circuit court, are not controlling. These cases were decided under statutes containing no such provisions as ours. The three statutes of California and New York simply declare that upon the docketing of such transcripted judgment, execution might issue thereon "in the same manner and with like effect as if issued on a judgment" of the court to which it was so transcripted. Our statute goes further, and provides expressly that from the time of docketing it becomes a judgment not only in the circuit court, but a judgment of the circuit court. While this language is still open to construction, and its exact meaning and effect may be debatable, it is significant, and indicates, I think, the intention of the legislature to do more than merely provide, as in the California and New York cases, that an execution on such transcripted judgment shall be issued from the circuit court in the same manner as though the judgment were originally rendered there. While not as free from doubt in this case as I would like to be, I believe the decision is right, and concur in it, though I would be better satisfied with the opinion if it omitted any expression of views as to the duration of the lien

upon real estate of such justice's judgment when so transcripted and docketed. Such question is not in this case, and a decision of it seems to me premature and gratuitous.