## GARLOCK v. CALKINS, *et al.*

1. Where a transcript of a judgment of a justice of the peace, docketed in the circuit court, showed that the justice had jurisdiction both of the subject-matter of the cause and the parties thereto, the entries were *prima facie* evidence of such jurisdiction.

2. A transcript of a judgment of a justice of the peace having apparent jurisdiction, docketed in the circuit court, is not a judgment of that court, so as to authorize that court to set it aside for want of jurisdiction of the justice, and cause the action in which the judgment was rendered to be set for trial *de novo* in the circuit court.

3. A transcript of a justice's judgment, docketed in the circuit court, is not a judgment of that court, so as to enable it to vacate the judgment, under authority of Comp. Laws, § 4939, declaring that the court may relieve a party from a judgment taken against him through mistake, inadvertence, surprise, or excusable negligence, and to place the action in which the judgment was rendered on the docket in the circuit court for trial *de novo.*

(Opinion filed December 5, 1900.)

Appeal from circuit court, Custer county. HON. LEVI McGEE, Judge.

Action by Thomas V. Garlock against R. W. Calkins and others. A transcript of a judgment of a justice of the peace in favor of plaintiff was docketed in the circuit court, and from an order vacating the judgment, and setting the action for trial *de novo,* defendants appeal. Reversed.

*Ed L. Grantham* and *B. R. Wood,* for appellants.

*W. E. Benedict,* for respondent.

FULLER, P. J. Conformably to an order to show cause, the circuit court held in effect that a judgment rendered by a justice of the peace, a sufficient transcript of which had been docketed therein, should be vacated and all proceedings thereunder stayed pending a

trial of the action upon its merits in that court, and from such or-
der this appeal was taken. While it is contended rhat the judgment,
as against certain of the defendants, is void for want of jurisdiction,
the transcript, as docketed, affirmatively shows that the justice of the
peace had jurisdiction both of the person and subject-matter. The
entries which the justice is required to make in his docket are *prima
facie* evidence of what they recite, and a transcript thereof is not void,
though it fails to show all the essential jurisdictional facts. Wil-
liams v. Rice, 6 S. D. 9, 60 N. W. 153. To sustain the action of the
court below, counsel for respondent relies measurably upon Section
4939 of the Compiled Laws, by virtue of which the court may relieve
a party from a judgment "taken against him through his mistake,
inadvertence, surprise, or excusable neglect;" and it is confidently
maintained that as soon as the transcript of the justice was docketed
the circuit court acquired jurisdiction to make any order with refer-
ence to the judgment that it might have made if the trial had taken
place in that court. This section, with other provisions relating to
the same subject matter, furnishes a rule of practice governing the
exercise of a common-law power, possessed inherently by courts of
record, to vacate their own judgments, when improvidently entered;
and the contention of counsel that the statute embraces transcribed
judgments rendered by inferior courts derives no support from the
enactment, and the view seems repugnant to our statutory system of
administering justice. If the judgment rendered in justice court is
erroneous or void for want of jurisdiction, relief therefrom must be
obtained in some manner authorized by law or equity; and the cir-
cuit court was powerless to review the same on motion, and grant a
trial *de novo,* as though an appeal had been taken. In 1 Black,
Judgm., at page 297, the author says: "The power to vacate judg-
ments is an entirely different matter from the power to reverse judg-

ments. It is a power inherent in and to be exercised by the court which rendered the judgment, and to that court, and no other, the application to set aside the judgment should be made. It is a common law power, possessed by the court as a part of its necessary machinery for the administration of justice, and hence might be exercised without the grant of special statutory authority." The rule above stated, and the proposition that the court in which a judgment is rendered alone has jurisdiction to enjoin its enforcement, are fully sustained by the following cases: Grattan v. Matteson, 51 Iowa, 622, 2 N. W. 432; McConnell v. Raive (Ky.) 1 S W. 582; Coon v. Seymour, 71 Wis. 340, 37 N. W. 243; Neeters v. Clements, 12 Bush, 359. Although the foregoing authorities are cited, we go only to the extent of holding, in disposing of this appeal, that the act of docketing in circuit court the transcript of a judgment rendered by a justice of the peace, having apparent jurisdiction, confers upon such court no authority to vacate the judgment, on motion supported by affidavit, or to stay an execution duly issued thereon, for the purpose of trying in such circuit court the issues determined by the justice, from whose decision no appeal was taken. Not for the purpose of destruction nor reversal, but for preservation and enforcement, do these judgments, when transcribed and docketed in the circuit court, become judgments of such court; and consequently the order appealed from is reversed.