McMAHON, et al, Respondents, v. BROWN, et al, Appellants

(279 N. W. 538)

(File No. 8064. Opinion filed May 6, 1938.)

*W. P. Rooney,* of Hot Springs, for Appellants.
*C. A. Wilson,* of Hot Springs, for Respondents.

POLLEY, J. On the 6th day of August, 1915, in an action (No. 5160) then pending in the circuit court of Fall River county wherein one John H. Brown was plaintiff and James B. and Bonnie D. Coleman were defendants, a judgment for something more than $1,000 was entered against the defendants.

No execution was issued on the said judgment within five years after the entry thereof, nor was any application made for leave to issue execution upon said judgment within ten years after the entry thereof; but on the 8th day of February, 1935, application was made by the successors in interest to said John H. Brown for leave to issue execution on the said judgment. This application was resisted by the defendants in said action. The ground urged by said defendants as a reason why execution should not issue was that the summons had not been served on the defendants and the court that entered the said judgment was without juris-

diction to enter the same. In response to this objection the court held that the objection constituted a collateral attack on the judgment and could not be entertained. On the 9th day of May, 1935, the court made and signed an order, or judgment, designated as "Judgment Granting Leave To Issue Execution"; but the court also allowed the defendants 20 days in which to commence a suit in equity to test the validity of such judgment.

On the 23d day of May, 1935, and within the said twenty-day period allowed by the court for that purpose, said defendants commenced an action known as case No. 8721 for the purpose of having said judgment declared void. This action came on for trial on the 19th day of March, 1936, and resulted in a judgment to the effect that the summons had been properly served on the defendants, and that the said judgment in case No. 5160 was in all respects a good and valid judgment. On the 16th day of June, 1936, execution issued on said judgment and a purported levy was made on certain real property claimed to be owned by one of the defendants, in Fall River county. Thereupon, James B. and Bonnie D. Coleman, defendants in case No. 5160, commenced this present action. In their complaint they allege substantially all the foregoing facts, and in their prayer for relief asked judgment that the order or judgment of May 9, 1936, granting leave to issue execution on the said judgment, the execution issued pursuant to said order, the levy made thereunder, the notice of levy, and all other proceedings had in connection therewith, be declared to be null and void and of no force or effect whatever, and that the judgment against James B. and Bonnie D. Coleman be declared to be wholly invalid and void.

This action was tried to the court. The court found and decided that the judgment against James B. and Bonnie D. Coleman, entered in Fall River county on the 6th day of August, 1915, ceased to exist as a judgment on the 6th day of August, 1935 (20 years after the entry thereof), and became and was entirely extinct and of no force or effect from and after the said 6th day of August, 1935, and that on the said 6th day of August, 1935, said judgment ceased to be a lien on any real property or to constitute a cause of action. The court further found that the execution issued on the 16th day of June, 1936, the purported levy made thereunder, and the notice of such purported levy and any and all

other proceedings had or attempted pursuant to said execution were null and void and of no force or effect whatever.

The ground, or one of the grounds, upon which the court found the execution and proceeding had thereunder to be void is that the judgment had become extinguished by limitation of time prior to the issuance of the execution.

A judgment when signed and filed and docketed as provided by section 2560 becomes and is a lien on all the real estate except the homestead, owned by the defendant in the county where the judgment is docketed or that the defendant may acquire in that county for a period of ten years from the time when it is docketed. Section 2569. Under the provisions of section 2632, R. C. 1919, execution will issue at the pleasure of the judgment creditor at any time within five years after docketing the judgment, and if execution is issued within the first five years and returned unsatisfied, then other executions may issue at the pleasure of the judgment creditor during the life of the judgment; but if no execution is issued during the first five years after the docketing of the judgment, execution may issue thereafter only by leave of the court upon application therefor, during the life of the judgment, which is twenty years. Section 2295, R. C. 1919. The only way the right of recovery on the judgment can be prolonged beyond the twenty-year limitation is to bring an action on the judgment and secure a new judgment. Section 2295, R. C. 1919.

In this case no move of any kind was made to recover on the judgment until the 8th day of February, 1935—nineteen years and six months after the entry of the judgment, when the judgment creditor applied for leave to issue an execution on the judgment. The application was granted and an order to that effect was signed by the court on the 9th day of May, 1935, but this order was not attested or filed with the clerk until the 29th day of January 1936. At that time the judgment, though dormant, was still alive, and had the order been attested and filed at that time execution could have been issued, and levy and sale could have been made thereunder before the expiration of the judgment. The order was not attested or filed by the clerk until the 29th day of January, 1936. During the interval between the signing of the order and the filing thereof said order was of no force or effect whatever, sections 2560, 2561, R. C. 1919, Illinois Trust & Savings

Bank v. Roscoe, 46 S. D. 477, 194 N. W. 649; Locke v. Hubbard, 9 S. D. 364, 69 N. W. 588, and when it finally was filed on the 29th day of January, 1936, the judgment had become extinguished by lapse of time and was no longer of any force or effect. Section 2295, R. C. 1919.

Appellant takes the position that the granting of leave by the court to take out execution had the effect of reviving and renewing the judgment and extending its force and effect beyond the period of 20 years after the entry of the judgment. Such is not the case. The order signed by the court on the 9th day of May, 1935, did not revive or renew the judgment nor purport to revive or renew the same. It merely authorized the issue of execution upon the original judgment entered on the 6th day of August, 1915, and this order not having been filed or attested, or execution issued during the life of the judgment, the said order, the execution issued pursuant thereto, and all proceedings had thereunder were null and void and of no force or effect, and the trial court was warranted in so holding.

The judgment appealed from is affirmed.

All the Judges concur.