**FIRST AMERICAN TITLE COMPANY of South Dakota, Plaintiff and Respondent,**

**v.**

**Eileen HOWE, Defendant and Appellant.**

**No. 12588.**

Supreme Court of South Dakota.

Argued March 16, 1979.

Decided July 25, 1979.

Eugene N. Lebrun of Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, for plaintiff and respondent.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for defendant and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

WUEST, Circuit Judge.

This is a declaratory judgment action brought by the First American Title Company of South Dakota, plaintiff, against Eileen Howe, defendant and Clerk of Courts of Pennington County, South Dakota, seeking clarification of the status of magistrate court judgments filed in the magistrate division of the circuit court. The trial court found that a judgment of the magistrate court does not become a judgment of record in the circuit court nor a lien upon real property until a transcript of the judgment has been filed in the office of the clerk of courts of the county wherein the judgment is rendered at the request of the person in whose favor the judgment is rendered. We hold that regardless of which court renders the judgment, if its records are maintained by the clerk or deputy clerk, such judgment may be docketed pursuant to SDCL 15–6–58, SDCL 15–16–6 or SDCL 15–16–7 and becomes a lien upon real property. If the judgment is from a lay magistrate court that keeps its own records, a transcript of the judgment must be filed pursuant to SDCL 15–16–9 with the clerk of courts before becoming a lien upon real property.

The facts, which have been stipulated, show that plaintiff is a registered abstractor licensed to issue title insurance, operating its business in Rapid City, South Dakota. Defendant is the Clerk of Courts of Pennington County, South Dakota. On July 1, 1977, defendant commenced keeping a separate judgment book and docket at 22 Main Street, Rapid City, wherein she or her deputy entered and docketed all judgments of the magistrate court without a demand by the party in whose favor the judgment was rendered that a certified transcript thereof be filed in the clerk of court's office. Defendant maintains a separate judgment book and judgment docket for circuit court judgments at the Pennington County Courthouse, located in the 300 Block of St. Joseph Street, Rapid City.. Since July 1, 1977, defendant has advised that it is not necessary for her to enter magistrate judgments in the circuit court judgment books or upon the circuit court judgment docket for such magistrate court judgments to constitute a lien upon real property of the judgment debtor. It was further stipulated that plaintiff has rights and legal relationships which are directly affected by defendant's interpretation of the statutes governing magistrate court judgments and the conduct followed by defendant based upon her interpretation.

The issue is whether a judgment rendered in magistrate court constitutes a lien upon real property of a judgment debtor without the magistrate's giving a certified transcript thereof and the same being filed in the office of the clerk of courts pursuant to SDCL 15–16–9, which provides:

A magistrate, on the demand of a party in whose favor he shall have rendered a judgment must give a certified transcript thereof which shall be filed in the office of the clerk of courts of the county in which the judgment was rendered and such clerk must thereupon enter such judgment in the judgment books, and upon the judgment docket; and, from the time of the docketing thereof, it becomes a judgment of the circuit court and a lien upon real property, and a certified transcript of the docket of such judgment may be filed, and the judgment docketed accordingly in any other county with the same effect as if the judgment had been rendered in the circuit court where such judgment is so docketed.

SDCL 15–16–9 was last amended in 1974, when "magistrate" was substituted for

"justice of the peace," and "shall be filed" was substituted for "may be filed."

The magistrate court was created as a court of limited jurisdiction by Chapter 137 of the Session Laws of 1973, now SDCL 16–12A–2, under authority of section 4, article V of the South Dakota Constitution. Article V of the South Dakota Constitution was approved by a majority vote of the electorate in the General Election of 1972, and changed the judicial system of this State. Chapter 137 of the Session Laws of 1973 was adopted to implement this constitutional amendment. Prior to the 1972 constitutional amendment, every county, organized township, and most municipalities were entitled to one or more justices of the peace, who kept their own individual records. These courts were established during the horse and buggy days and were scattered throughout the countryside for accessibility of the public traveling by foot or horsepower. With a potentially large number of these courts, it was necessary for a statute similar to SDCL 15–16–9 to provide a central filing place if their judgments were to be liens upon real property. Otherwise, it would have been difficult to find the judgments constituting a lien upon real property. Consequently, SDCL 15–16–9 has been in effect in substantially its present form since before statehood. Code of Civ.Pro. 1877. Likewise, a similar statute was in effect for municipal courts (SDCL 15–32–34) until repealed by Section 60, Chapter 153, of the Session Laws of 1974. Under the county court procedure the clerk of courts performed the same duties for the county judge as for the circuit court (SDCL 15–31–2) and there was no requirement for a transcript. In fact, SDCL 15–31–12 provided that should the county court be by law deprived of jurisdiction in civil actions, money judgments should be docketed in the judgment book of the circuit court.

Section 12, Chapter 130, Session Laws of 1973, now SDCL 16–6–9.1, transferred all cases, facilities, and services of the county district courts, municipal courts and justice of the peace courts to the circuit court effective January 7, 1975. In addition, judgments entered by those courts of limited jurisdiction but not yet satisfied were to be enforceable in the manner provided by law for judgments of the circuit court. With the demise of those courts, the magistrate courts were created. SDCL 16–12A. There evolved two classes of magistrates: Lay magistrates and law-trained magistrates. Both of these courts have limited jurisdiction but the law-trained magistrates, who must be licensed to practice law in South Dakota, have more jurisdiction than the lay magistrates. See SDCL 16–12A. In addition, law-trained magistrates are courts of record while lay magistrates are not. SDCL 16–12A–2.1. A clerk of courts or any deputy who is qualified may be appointed to act as a lay magistrate.

Upon the order of the presiding judge of any circuit, the municipality must provide suitable and adequate quarters for a magistrate assigned principally to serve that municipality. Otherwise, the county must provide suitable and adequate facilities for the magistrate court. SDCL 16–12A–29, SDCL 16–12A–30, and SDCL 16–2–26.

Law-trained magistrates have concurrent jurisdiction with the circuit court to try small claims cases and all civil actions where the debt, damage, claim, or value of the property involved does not exceed $2,000. SDCL 16–12A–23 and SDCL 16–12A–24. There has been no legislation or rules of court regarding the custody of magistrate files and records, although SDCL 16–12A–26 does provide for a method of preserving the evidence. Nor has the duty of the clerks been specified in this respect, although they are appointed by the presiding judge and are subject to his administrative supervision. SDCL 16–2–27 and SDCL 16–2–21, and section 11, article V, of the South Dakota Constitution. The clerk's duties are to be defined by the Supreme Court, section 11, article V, of the South Dakota Constitution, which has entered its rule, SDCL 16–2–27, but not on this particular subject.

This court, however, is bound by the knowledge that the clerks of courts or their

deputies under the Unified Judicial System have in fact taken custody of the law-trained magistrates' records and filed the same. We further note that where the clerk or deputy is a magistrate, the custody has been with the clerk of courts and the records filed with them. We also note that there are lay magistrates who do not maintain any records in the office of the clerk of courts or any deputy thereof, but maintain their own records as did the justice of the peace, although they are required to file reports with the presiding judge.

SDCL 15–6–58 provides that the clerk, immediately after the filing of any judgment, shall prepare the judgment roll, record the judgment in the judgment book and docket the same as provided by law. SDCL 15–16–6 provides that the clerk shall docket the judgment by entering alphabetically the names of the judgment debtor or debtors. This statute further provides that the clerk shall docket the judgment with the name of the court in which the judgment was rendered. SDCL 15–16–7 provides that when a judgment has been docketed with the clerk of the circuit court it becomes a lien on all the real property, except the homestead, in the county where the same is so docketed, of every person against whom any such judgment shall be rendered.

 It is our opinion that regardless of which court renders the judgment, if its records are maintained by the clerk or deputy it may be docketed pursuant to SDCL 15–6–58, SDCL 15–16–6, and SDCL 15–16–7, and becomes a lien upon real property. It is our opinion that SDCL 15–16–9 was amended to provide a method of getting the judgment of a lay magistrate keeping his own records into the custody of the clerk of courts or his deputy and docketed. It merely continues the practice of providing a central docketing or filing place for the

magistrates who do not maintain their records with the clerk or deputy. Unless the judgment is docketed in the office of the clerk of courts or his deputy, it is not a lien upon real property. The number of books and their location or locations lies within the supervision of the presiding judge (SDCL 16–2–21, SDCL 16–12A–29, SDCL 16–12A–30, and SDCL 16–2–26), although ultimately in the Supreme Court. SDCL 16–2–21; section 11, article V, of the South Dakota Constitution, and section 12, article V, of the South Dakota Constitution.

To the extent that the trial court's judgment holds that a judgment of a magistrate court whose records are not maintained by a clerk or deputy clerk does not become a judgment of the circuit court or a lien upon real property until filed pursuant to SDCL 15–16–9, it is affirmed. To the extent that the judgment holds that a judgment of a magistrate court whose records are maintained by a clerk or deputy clerk does not become a judgment of the circuit court or a lien upon real property until filed pursuant to SDCL 15–16–9, it is reversed.

DUNN and FOSHEIM, JJ., concur.

WOLLMAN, C. J., and MORGAN, J., dissent.

WUEST, Circuit Judge, sitting for HENDERSON, J., disqualified.

MORGAN, Justice (dissenting).

I dissent.

This case arose when the clerk of courts for Pennington County, faced with the magistrate court operating in a separate building from the circuit courthouse, commenced keeping a separate judgment book and docket at the magistrate court wherein were entered all judgments of the magistrate court. Contrary to statute,[1] these

---

1. SDCL 15–16–9 provides:

A magistrate on the demand of a party in whose favor he shall have rendered a judgment must give a certified transcript thereof which shall be filed in the office of the clerk of courts of the county in which the judgment was rendered and such clerk must thereupon enter such judgment in the judg-

ment books, and upon the judgment docket; and, from the time of the docketing thereof, it becomes a judgment of the circuit court and a lien on real property, and a certified transcript of the docket of such judgment may be filed, and the judgment docketed accordingly in any other county with the same effect as if the judgment had been rendered

judgments were entered without demand by the party in whose favor the judgment was rendered that a certified transcript of the judgment be filed in the office of the clerk of courts at the Pennington County Courthouse. The clerk of courts advised that it was not necessary for her to enter such judgments in the circuit court judgment book and upon the circuit court judgment docket for the same to constitute a lien upon real property of the judgment debtor. Notwithstanding the statutory verbiage relied upon by the majority, the court has gratuitously amended SDCL 15–16–9, SDCL 16–12A, and Article V of the South Dakota Constitution.

As I view the case, there are two issues. First, whether a magistrate's judgment becomes a lien without filing under SDCL 15–16–9; and second, whether a clerk of courts has any authority to keep two sets of judgment books and dockets.

With respect to the first issue, the decision in effect drastically amends SDCL 15–16–9 which explicitly provides that demand for transcription be made by the prevailing party in order for a magistrate judgment to become a circuit court judgment and a lien on real property. It is noteworthy that the 1978 Legislature did not pass House Bill 1279 entitled "An Act to Allow Liens on Magistrate Courts' Judgments" which would have amended SDCL 15–16–7 to authorize the Pennington County Clerk to do exactly what she is now doing. The majority undertakes to do what the legislature refused to do and I simply do not think this court has that authority. There is certainly none cited in the majority opinion. Consequently, until the legislature acts in this regard, I think that the lien statute must be read as it stands on the books.

It is also noteworthy that in 1974 the legislature amended SDCL 15–16–9 by changing the phrase "justice of the peace" to "magistrate" and "may be filed" to

"shall be filed." At the same time, the legislature repealed SDCL 15–36 which contained provisions for executing on a justice of the peace judgment within five years of its rendition. The repeal of this chapter was not accompanied by the enactment of analogous provisions to permit execution on a magistrate's judgment. Consequently, the only avenue presently available for executing on a magistrate judgment is to obtain a lien pursuant to SDCL 15–16–9 which requires that the magistrate judgment first be transcribed and become a circuit court judgment.[2] To follow the majority opinion we would have to overrule *Williams v. Rice,* 6 S.D. 9, 60 N.W. 153 (1894) and *Garlock v. Calkins,* 14 S.D. 90, 84 N.W. 393 (1900). Both cases interpret the predecessor statute of SDCL 15–16–9 and stand for the proposition that the transcription and docketing upon request of the prevailing party of what was then a justice of the peace judgment and is now a magistrate judgment is a condition precedent to that judgment becoming a circuit court judgment and a lien on the debtor's property. Therefore, I would affirm the trial court's conclusion that a magistrate judgment does not rise to the level of a circuit court judgment or become a lien on real property absent demand of the prevailing party that the judgment be filed in the clerk of courts' office.

The second issue, can a clerk of courts keep two sets of judgment books and dockets, one in her office in the courthouse and another in a satellite office, is obfuscated in the majority opinion. The majority would apparently amend SDCL 16–12A, Magistrates, and Article V of the South Dakota Constitution, the Judicial article, by elevating magistrate courts to the status of circuit courts, with their own clerk and judgment records in satellite offices. I will grant that it is not too difficult for an

in the circuit court where such judgment is so docketed.

2. That the legislature intended magistrate judgments to be inferior to circuit court judgments is also apparent from SDCL 15–20–4 regarding proceedings supplementary to execution which

states that "[t]he provisions of this chapter shall apply to judgments of magistrates' courts, transcripts of which have been filed in the circuit court, with the same force and effect as to judgments rendered by that court."

abstractor or interested person to walk from the clerk's office in the 300 block of St. Joseph Street to the satellite office at 22 Main Street, both in Rapid City. But what if the satellite office was in Wall? I find no statutory authority for such a procedure and the majority cites us to none.[3] The purpose of recording in these books is *notice*. If the clerk can have two sets of books, why not three or four? I would affirm the trial judge's conclusions that the judgment book and docket contemplated by SDCL 15–6–58 and SDCL 15–16–6 are each one book or set of books consecutively num-

bered and situated in the main office of the clerk of courts of each county. In my opinion, the clerk's proposal on both issues goes entirely against the statutory scheme.

I am authorized to state that Chief Justice WOLLMAN joins in this dissent.

---

3. The majority opinion grants the presiding judge the authority to order the number of books and location. The statutory authority cited makes no reference to books. Further, the record does not reveal that the clerk's action in this case was under the auspices of the presiding judge of the Seventh Circuit. Without adequate proof in the record and without any notation of authority, the majority place their imprimatur on the arbitrary actions of the clerk herself.