**In re OTTO HUBER & SONS, INC., Emp. Id. # 46–0267246, Bankrupt.**

**Bankruptcy No. BK77–30025.**

United States Bankruptcy Court, D. South Dakota.

April 10, 1980.

Robert A. Warder, Trustee in Bankruptcy, Rapid City, S. D.

William J. Pfeiffer, Aberdeen, S. D., for claimant.

MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Bankrupt, Otto Huber & Sons, Inc., Parmalee, South Dakota, filed a Chapter 4 Petition and Schedules on August 12, 1977. Farmers Elevator Company of Presho, Presho, South Dakota, Claimant, filed a proof of claim as a secured creditor on September 2, 1977.

After liquidation and during estate administration, the Trustee objected to the secured creditor status claimed by Claimant.

At a hearing held before this Bankruptcy Court, Trustee and Claimant stipulated to the following facts: On November 24, 1976, Claimant obtained a default judgment against Bankrupt in the Circuit Court of Lyman County, South Dakota, in the amount of $41,195.47. Claimant recorded the judgment the same day with the Clerk of Courts of Lyman County, South Dakota. Subsequently, transcripts of the judgment were forwarded to and docketed by the Clerk of Courts of Jackson County for Washabaugh County, South Dakota, and by the Clerk of Courts of Mellette County, South Dakota. Bankrupt owned real property in all of the aforementioned counties. Claimant did not levy or execute on the judgments in any of the aforementioned counties. Bankrupt filed his bankruptcy petition more than four (4) months after the entering and docketing of the judgments in each of the three counties.

The issue presented to this Bankruptcy Court is whether a judgment lien holder is a secured creditor under the Bankruptcy Act when the creditor, more than four (4) months prior to the filing of the bankruptcy, obtained a default judgment and in accordance with SDCL 15–16–7 had the judgment entered and docketed in counties where Bankrupt had real property, but failed to levy or execute upon the judgment.

State law determines when, how, and on what a judgment becomes a lien. 4 Collier on Bankruptcy, 14th Edition, paragraph 67.08 at page 119. If, under South Dakota state law, levy or execution is necessary for a judgment to become a lien on Bankrupt's property, then Claimant's judgment lien would be null and void under the avoiding provisions of Section 67 and Section 70 of the Bankruptcy Act. Claimant would be a general unsecured creditor.

SDCL 15–16–7 provides that:

"When a judgment has been docketed with a clerk of a circuit court, it shall be a lien on all the real property, except the homestead, in the county where the same is so docketed, of every person against whom any such judgment shall be rendered, and which he may have at the time of the docketing thereof in the county in which such real property is situated, or which he shall acquire at any time thereafter, for ten years from the time of docketing the same in the county where it was rendered, and no judgment shall become a lien on real property as herein provided unless it be docketed in the county where the land is situated."

That SDCL 15–16–7 creates a lien upon the real property in the county where the judgment is docketed has been recognized by the South Dakota Supreme Court in *First American Title Company v. Howe*, 281 N.W.2d 605 (1979) and *McMahon v. Brown*, 66 S.D. 134, 279 N.W. 538 (1938). Nor is SDCL 15–16–7 unique in this respect. Florida, Indiana, Minnesota, Iowa, Illinois, Montana, Nevada, North Carolina, North Dakota, Ohio, Utah, Virginia, and Wisconsin are among the states with similar statutes. 4 Collier on Bankruptcy, 15th Edition, paragraph 547.12 at page 547–44, footnotes 17 and 18.

Trustee raised the argument in his brief submitted to this Court that South Dakota did not intend for a judgment lien on real estate, obtained under SDCL 15–16–7, to survive bankruptcy when the creditor failed to levy or execute the judgment. SDCL 15–16–26 provides in effect that a valid lien on specific property of a judgment debtor is not affected by the discharge of judgment against the bankrupt as distinguished from the general judgment lien on real estate prior to execution. No South Dakota statutes or case law exist that interpret the meaning of SDCL 15–16–26. The statute itself makes no express reference to a lien obtained under SDCL 15–16–7.

For the following reasons this Bankruptcy Court holds that SDCL 15–16–26 does not affect a lien obtained under 15–16–7 on the real property of the debtor.

No South Dakota statutes exist requiring the judgment creditor to levy and execute in order to perfect the lien obtained under SDCL 15–16–7. As noted in 51 Am.Jur.2d, Liens, paragraph 7, "in the absence of a statute so providing, it is not essential to the perfection of a lien that execution be levied".

■ Under South Dakota law levy and execution do not affect the ranking or priority of a judgment creditor. In *Murphy v. Connolly*, 81 S.D. 644, 140 N.W.2d 394 (1966), the South Dakota Supreme Court held that judgment lien holders cannot establish greater priority by the act of levy or execution. The Court, at page 398, noted that:

"The North Dakota court, in the case of *Zink v. James River Nat. Bank*, supra (58 N.D. 1, 224 N.W. 901), in a very comprehensive and well-reasoned exposition of the law on the subject under consideration, and after reviewing the decisions of many jurisdictions, states what appears to be the general rule, that judgments become liens against after-acquired property at the time of the acquisition of such property by the judgment debtor, and hence become liens of equal rank and such equality is not destroyed by the act of one of the judgment creditors in causing execution to be issued upon his judgment and sale held thereunder, and that such liens remain in full force and effect, of equal rank, . . .".

Under Section 70(c) of the Bankruptcy Act the Trustee, as of the date of bankruptcy, has the rights and powers of a hypothetical judgment lien creditor who has obtained an execution returned unsatisfied. If Trustee's hypothetical judgment lien has priority over Claimant's judgment lien, then Claimant is a general unsecured creditor.

■ Under South Dakota law, priority is determined by time of perfection. However, a judgment creditor who obtains a valid lien under SDCL 15–16–7 is not required to levy or execute on the judgment in order to improve his priority. *Murphy* held that a creditor's position in the priority line is not improved by levy and execution.

Since Claimant obtained a valid judgment lien under SDCL 15–16–7 more than four (4) months prior to the filing of the bankruptcy, Claimant is entitled to priority over Trustee's hypothetical judgment lien. Further, a judgment lien obtained under SDCL 15–16–7 is not affected by SDCL 15–16–26.

A creditor who obtains a valid lien under SDCL 15–16–7 is entitled to be treated as a secured creditor where security does exist. Section 1(28) defines a secured creditor as including "a creditor who has security for his debt[s] upon the property of the bankrupt of a nature to be assignable under this Act". The bankrupt's nonhomestead and property is the security for a creditor having a valid lien obtained under SDCL 15–16–7. Here, such property does exist and Claimant is entitled to file as a secured creditor.

For the aforementioned reasons, the Bankruptcy Court orders Trustee's Objection to Claim dismissed and hereby allows Claimant's Proof of Claim as a secured creditor.