**Howard R. YUSTEN and Viola S. Hooley, Plaintiffs and Appellees,**

v.

**Noelyn G. MONSON, Defendant and Appellant.**

**Civ. No. 10214.**

Supreme Court of North Dakota.

Oct. 25, 1982.

**286**

Sproul, Lenaburg, Fitzner & Walker, Valley City, for plaintiffs and appellees; argued by Dean E. Lenaburg, Valley City.

Ployhar, Thorson & Weisenburger, Valley City, for defendant and appellant; argued by Roger R. Weisenburger, Valley City.

ERICKSTAD, Chief Justice.

Defendant/appellant, Noelyn G. Monson, is appealing from a judgment entered by the District Court of Barnes County, declaring a judgment against him in the amount of $12,187, together with costs and interest thereon. For the reasons hereinafter stated, we affirm the judgment of the district court.

On October 13, 1959, Howard R. Yusten, as administrator of the estate of Emma C. Yusten, recovered a judgment in the amount of $12,187, together with costs and interest thereon, against Monson in the Circuit Court, Clay County, South Dakota. This judgment was subsequently assigned to plaintiffs/appellees, Howard R. Yusten and Viola S. Hooley.

On October 2, 1979, the plaintiffs commenced an action in the Circuit Court, Clay County, South Dakota, against Monson on the October 13, 1959, judgment. A summary judgment was entered against Monson in that action on December 12, 1980.

In the case at bar, plaintiffs are attempting to enforce the 1980 South Dakota judgment in Barnes County, North Dakota, pursuant to Section 28–20.1–06[1] of the Uniform Enforcement of Foreign Judgments Act. Thus, the sole issue to be determined is whether or not the December 12, 1980, South Dakota judgment is entitled to full faith and credit in North Dakota.

On appeal, Monson argues that under South Dakota law the 1980 judgment is not a new judgment but rather a revival of the 1959 judgment. It is further contended that a revived judgment merely extends the statutory period in which to enforce the original judgment; hence, enforcement of the 1980 judgment is barred by North Dakota's ten-year statute of limitations.[2] *See, Union National Bank of Witchita, Kansas v. Lamb,* 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949), *reh. den.* 337 U.S. 928, 69 S.Ct. 1492, 93 L.Ed. 1736 (1949).

However, we have been referred to no South Dakota statutes or cases which require us to classify the 1980 judgment as a revived judgment rather than a new judgment. In fact, the only South Dakota authority cited to us is to the contrary. The South Dakota Supreme Court in *McMahon v. Brown,* 66 S.D. 134, 279 N.W. 538 (1938) held that recovery on a judgment can be prolonged beyond South Dakota's twenty-year statute of limitations[3] by bringing an action on the judgment and securing a new judgment. Inasmuch as the 1980 judgment arose from an action brought on the 1959

---

1. Section 28–20.1–06, N.D.C.C., reads as follows:

   "*28–20.1–06. Optional procedure.*—The right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this chapter remains unimpaired."

2. An action brought in North Dakota upon a judgment of a sister state is governed by our ten-year statute of limitations. § 28–20.1–02, N.D.C.C.; § 28–01–15, N.D.C.C.

3. Section 15–2–6, South Dakota Compiled Laws Annotated (1967) reads in pertinent part:

   "*15–2–6. Actions to be brought within twenty years of accrual of cause.*—Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within twenty years after the cause of action shall have accrued:

   (1) An action upon a judgment or decree of any court of this state;" § 15–2–6, SDCL 1967.

judgment, it unequivocally constitutes a new judgment in South Dakota. As it is a new judgment there, to give it full faith and credit[4] here, North Dakota's statute of limitations must begin to run from the date of the new judgment and not from the date of the original judgment. This is consistent with Section 28–20.1–06, N.D.C.C.

We therefore affirm the judgment of the district court.

SAND, VANDE WALLE and PEDERSON, JJ., and A.C. BAKKEN, District Judge, concur.

BAKKEN, District Judge, sitting in place of PAULSON, J., disqualified.

4. Article IV, Section 1, of the United States Constitution provides:

> "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof."